## EL PUEBLO *v.* FALCASTRO.

### APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 310.—Resuelto en febrero 1, 1911.

DERECHO PENAL—INFRACCIÓN DE LAS LEYES DE RENTAS INTERNAS—EXPRESIÓN DE LA LEY INFRINGIDA.—Es jurisprudencia constante de este tribunal, que en las denuncias que se presentan ante las cortes municipales, no es necesario expresar la ley infringida, siendo suficiente el alegar los hechos constitutivos del delito, y si tales hechos constituyen una violación de alguna ley vigente en Puerto Rico, la denuncia está bien formulada.

ID.—INFRACCIÓN DE LAS LEYES DE RENTAS INTERNAS—HECHOS CONSTITUTIVOS DE DELITO PÚBLICO.—Una denuncia en la que se le imputa al acusado haber sido sorprendido en posesión de 16 frascos de ginebra de Holanda, sin haber pagado los derechos de rentas internas, expresa la comisión de un delito previsto y castigado en el artículo 92 de la ley de marzo 9 de 1905, que enmendó el capítulo 2, título 9 del Código Político.

SOBRESEIMIENTO DE LA CAUSA—PROCEDIMIENTO EN LAS CORTES MUNICIPALES.—Los preceptos del artículo 448 del Código de Enjuiciamiento Criminal son aplicables únicamente a las causas sustanciadas ante las cortes de distrito y que se inician mediante acusación presentada por el Fiscal, y no a las causas tramitadas ante las cortes de distrito, en virtud de apelación procedente de una corte municipal.

ID.—SOBRESEIMIENTO DE LA ACCIÓN—DISCRECIÓN DEL TRIBUNAL.—El sobreseimiento de una acción autorizado por el artículo 448 del Código de Enjuiciamiento Criminal puede únicamente invocarse cuando no exista motivo alguno que justifique la tardanza del juicio y su concesión descansa siempre en la discreción del tribunal sentenciador, cuya resolución no será revocada por este tribunal, a menos que haya abusado de dicha facultad discrecional.

ID.—ACUSACIÓN Y SENTENCIA POR CONTRABANDO—DENUNCIA POR INFRACCIÓN DE LAS LEYES DE RENTAS INTERNAS.—El haber sido el acusado juzgado y condenado por contrabando, con arreglo a las Leyes de los Estados Unidos, no impide el que sea procesado y condenado con arreglo a las Leyes de Rentas Internas de Puerto Rico, por haber infringido sus preceptos.

ID.—SENTENCIA—PENA ALTERNATIVA.—Una sentencia en que se impone al acusado la pena de prisión como alternativa en caso de falta de pago de la multa, debe fijar el término de un día de prisión por cada dollar de la multa que dejare de satisfacer.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Felipe Casalduc.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

EL JUEZ ASOCIADO, SR. MACLEARY, emitió la opinión del tribunal.

Este procedimiento se inició en virtud de una denuncia presentada por Charles E. Berry, agente de Rentas Internas en Ponce, imputando al acusado, en unión de Gumersindo Rosa, la comisión de un delito contra las Leyes de Rentas Internas de Puerto Rico, porque el día 3 de agosto de 1909, en la Playa de Ponce, de aquel distrito judicial, fueron sorprendidos por el denunciante en posesión de diez y seis frascos de ginebra de Holanda, sobre los cuales no se habían satisfecho los derechos de rentas internas.

En el juicio, que se celebró ante la corte municipal, el acusado Falcastro fué condenado al pago de una multa de cien dollars y las costas, o en su defecto a sufrir veinte y cinco días de prisión en la cárcel de Ponce; absolviéndose al otro acusado, Gumersindo Rosa.

Contra esta sentencia se interpuso recurso de apelación para ante la Corte de Distrito de Ponce, donde se procedió a la celebración de un nuevo juicio; y esa corte, después de oir la prueba practicada y las alegaciones de las partes, declaró al acusado, José Falcastro, culpable del delito imputado y lo condenó al pago de una multa de cien dollars, y, en su defecto, a treinta días de prisión en la cárcel de distrito.

Contra esta sentencia se interpuso recurso de apelación para ante este Tribunal Supremo, y viene unido al récord una exposición del caso en la que se encuentran todas las declaraciones de los testigos que declararon en el juicio.

También viene unido al récord un pliego de excepciones, que contiene las objeciones presentadas por la defensa en el curso de la vista y que en substancia pueden exponerse así:

"1. Que la denuncia no se ajusta a los requisitos del artículo 71 del Código de Enjuiciamiento Criminal, pues en ella se dice que Falcastro infringió el artículo 92 de la Ley de Rentas, y éste no es título de ninguna ley, puesto que en Puerto Rico no existe ley alguna titulada Ley de Rentas Internas; y además, que el hecho no estaba redactado en forma tan clara que cualquiera persona pudiera entenderlo.

"2. Que la denuncia no contenía ningún hecho constitutivo de delito público, pues el hecho de sorprender a una persona con botellas de licor no es motivo de delincuencia.

"3. Que habían transcurrido ya más de ciento veinte días desde la interposición de la denuncia y aún no se había celebrado el juicio."

De un examen detenido del récord encontramos que no hay duda alguna en cuanto a la existencia de los hechos que se alegan como constitutivos del delito que se imputa al acusado, y toda la cuestión se reduce a determinar si esos hechos suficientemente describen o no un delito previsto en nuestros estatutos penales.

Podemos llegar a una conclusión examinando las excepciones propuestas por el apelante. En cuanto a la primera excepción, encontramos que la acusación está redactada en términos suficientemente claros y puede entenderlos cualquiera persona que sepa leer el idioma español; y en cuanto a la objeción presentada alegando que el estatuto que ha sido violado y que se titula Ley de Rentas Internas, no es una ley vigente en Puerto Rico, llamamos la atención a nuestras decisiones antes de ahora dictadas, en que se consigna no ser necesario, en una denuncia presentada en una corte municipal, especificar la ley que se supone haber sido infringida, sino que basta exponer los hechos constitutivos del delito, y si esos hechos constituyen una infracción de una ley vigente en Puerto Rico, la acusación está debidamente formulada.

*Pueblo de Puerto Rico* v. *Ramsey,* resuelto 21 de febrero de 1905.

*Pueblo de Puerto Rico* v. *Torrellas,* resuelto 11 de mayo de 1906.

*El Pueblo de Puerto Rico* v. *Ruiz,* resuelto 21 de mayo de 1906.

*Pueblo de Puerto Rico* v. *Guilarte,* resuelto 22 de octubre de 1906.

El delito que se imputa al acusado está previsto en el artículo 22 de la Ley del 9 de marzo, 1905, que enmendó el capítulo 2, Título IX del Código Político, y por consiguiente está pre-

visto y castigado por una ley vigente en Puerto Rico. (Véanse Leyes de Puerto Rico de 1905, pp. 268-269.)

En cuanto a la segunda alegación hecha por el apelante de que la denuncia no consigna ni describe ningún delito público, basta decir que el mismo artículo 92 de la ley mencionada, castiga el hecho de que cualquiera persona tenga en cualqüier sitio cualquiera mercancía que esté sujeta, según la ley, a impuesto, y sobre la cual no se haya pagado el impuesto.

*Pueblo de Puerto Rico* v. *Rodríguez,* resuelto 10 de enero de 1906.

En cuanto a la tercera excepción formulada por el abogado del acusado, debemos decir que estamos de acuerdo con la opinión expresada por la corte de distrito, denegando la solicitud del abogado para que se sobreseyera el caso, puesto que el artículo 448 del Código de Enjuiciamiento Criminal, en el que él se basa para apoyar su moción, es aplicable solamente a los casos que han de verse ante las cortes de distrito, mediante acusación presentada por el Fiscal, y no a denuncias presentadas ante las cortes municipales y llevadas en apelación ante las cortes de distrito para nueva vista.

Además, esta autorización a la corte de distrito para sobreseer el caso después de transcurridos ciento veinte días desde la fecha de la presentación de la denuncia, es solamente para casos en que no se demuestre buena causa que justifique un proceder en contrario; y una decisión semejante queda en gran medida a la discreción del juez, y el ejercicio de esa discreción no será revisado excepto en aquellos casos en que se demuestre que habido abuso.

Manuel Lizardi, ex parte, resuelto 18 de agosto de 1904.

*P. P. R.* v. *Quilichini,* resuelto 20 de junio de 1904.

No aparece tal abuso en el caso que nos ocupa; y el apelante no puede quejarse de la demora.

El hecho de que el acusado había sido juzgado y condenado por contrabando con arreglo a las leyes de los Estados Unidos, no impide el que sea procesado y condenado con arreglo a las leyes de rentas internas de Puerto Rico, que prohiben

a cualquiera persona que tenga en su poder cualquiera mercancía por la cual no se haya satisfecho el impuesto.

La sentencia imponiendo encarcelamiento, como alternativa en caso de falta de pago de la multa, debe fijar el tiempo de prisión en un día por cada dollar de la multa que deje de pagarse.

Por las razones que preceden, la sentencia apelada debe modificarse y confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados, Wolf y del Toro.

El Juez Asociado, Sr. Aldrey, no intervino en la resolución de este caso.