EL PUEBLO, DEMANDANTE Y APELADO, *v.* BENÍTEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por delito de acometimiento y agresión con circunstancias agravantes.

No. 901.—Resuelto en diciembre 24, 1915.

DENUNCIA—ALEGACIONES DE LA DENUNCIA—PRECEPTO INFRINGIDO.—En una denuncia no es necesario que se alegue el precepto infringido del Código Penal, ni el delito en particular.

ACOMETIMIENTO Y AGRESIÓN—SENTENCIA—GRADO DEL DELITO.—Tampoco es necesario en un acometimiento y agresión que la sentencia especifique el grado del delito, si la denuncia y la prueba demuestran la ofensa.

ID.—AGRESIÓN REALIZADA CON EL CABO O MANGO DE UN FOETE—CIRCUNSTANCIAS AGRAVANTES—USO DE UN FOETE EN SU FORMA ESPECIAL.—Un acometimiento y agresión realizado con el cabo o mango de un foete no se considera con circunstancias agravantes dentro del inciso 6°. de la sección 6ª. de la Ley de marzo 10, 1904. Lo que hace grave la ofensa es el uso del instrumento en su forma especial para causar deshonra.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan B. Huyke.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este caso es análogo en algunos aspectos al de *El Pueblo* v. *Dávila,* que acaba de ser decidido. La denuncia imputa

un delito de acometimiento y agresión en el que se usó de un foete. La denuncia, por tanto, es suficiente. No importa que no se usen en la denuncia palabras que califiquen el delito como grave. No es necesario alegar el precepto infringido del Código Penal, ni el delito en particular. *El Pueblo* v. *Behn et al.,* 13 D. P. R. 1; *El Pueblo* v. *Falcastro,* 17 D. P. R. 96. En abundancia de razonamientos, véase la decisión de esta corte en el caso de *El Pueblo* v. *Vilches,* 12 D. P. R. 195, en el cual se resolvió que no es necesario que la sentencia especifique el grado del delito en un acometimiento y agresión, si la denuncia y la prueba demuestran la ofensa.

Pero la prueba en este caso demuestra que la agresión fué realizada con el cabo o mango del foete. Por consiguiente, como el instrumento de ofensa no fué usado como foete, no hay nada que incluya la ofensa dentro de las disposiciones de la ley de marzo 10 de 1904, que hace grave el acometimiento y agresión si el instrumento usado es un foete, o un instrumento semejante, destinado especialmente a causar deshonra. A pesar de que un acometimiento y agresión puede cometerse con el mango de un foete, la ofensa causada no es la especial a que se refiere el estatuto. El foete es entonces lo que cualquier otro palo corriente, y, por tanto, el razonamiento del Juez Presidente Roberts en el caso de *Skidmore* v. *State,* 43 Texas, 96, 97, es de aplicación. La corte inferior cometió error al dictar una sentencia de acometimiento y agresión con circunstancias agravantes.

De otra parte, la prueba tiende a sostener la denuncia en cuanto la misma imputa un acometimiento y agresión simple. Existe conflicto de prueba, pero no creemos que haya motivo alguno para ir contra la apreciación hecha por la corte inferior. El acometimiento y agresión fué serio: lo suficiente para sostener una acusación de acometimiento y agresión con circunstancias agravantes, bajo el inciso 7 de la ley de 10 de marzo de 1904, si la denuncia hubiera sido debidamente redactada. *El Pueblo* v. *Marini,* 22 D. P. R. 11.

La sentencia debe ser modificada, imponiéndose al acu-

-sado una multa de cincuenta dólares, o, en defecto de pago, un día de cárcel por cada dólar que dejare de satisfacer, y las costas.

> *Confirmada la sentencia apelada pero modi-*
> *ficada en el sentido de declarar culpable*
> *al acusado de un delito de acometimiento*
> *y agresión·simple, e imponiéndosele como*
> *pena una multa de $50, o, en defecto de*
> *pago, un día de .cárcel por cada dólar que*
> *dejare de satisfacer y las costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.