EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN CORREA, acusado y apelante.

No. 2606.—*Visto:* Diciembre 17, 1925.   *Resuelto:* Enero 29, 1926.

1. DERECHO PENAL—FECHA DEL JUICIO Y SUSPENSIÓN—SOBRESEIMIENTO DEL PROCESO POR DILACIÓN—CASOS APELADOS A LAS CORTES DE DISTRITO.—El artículo 448 del Código de Enjuiciamiento Criminal es aplicable a las causas apeladas para ante las cortes de distrito, contándose el término a partir de la fecha de la radicación de la transcripción de los autos en la dicha corte de distrito.

2. DERECHO PENAL—APELACIÓN Y ERROR Y *Certiorari*—REVISIÓN—CUESTIONES DISCRECIONALES—SOBRESEIMIENTO DEL PROCESO.—Examinadas las circunstancias de este caso se concluyó que no se había demostrado que la corte inferior abusara de su discreción al estimar que había existido justa causa para la dilación del juicio y al negarse por tal virtud a sobreseer el proceso.

3. TESTIGOS—COMPETENCIA—CAPACIDAD Y CONDICIONES EN GENERAL—PERSONAS EN LA RELACIÓN DE ESPOSO Y ESPOSA—DECLARACIONES DE UN CÓNYUGE CONTRA EL OTRO—PROCESOS CRIMINALES.—La excepción establecida en el inciso 1 del artículo 40 de la Ley de Evidencia se aplica lo mismo a las causas criminales por delitos graves que a las causas por delitos menos graves.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), condenando al acusado por delito de acometimiento y agresión grave. *Confirmada.*

*Juan Valldejuli Rodríguez,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La denuncia, base de esta causa, fué formulada por Francisca Carrión contra su esposo Juan Correa y, en lo pertinente, dice: "dicho acusado, con intención criminal de causarme daño personal me acometió y agredió con las manos, propinándome varias bofetadas en la cara y de puños en el pecho, siendo él un varón adulto de fuerzas corporales y yo una débil mujer." Se presentó en la Corte Municipal de Río Grande. Lleva la fecha agosto 6, 1924.

No consta lo ocurrido en la Corte Municipal pero necesariamente tuvo el acusado que ser condenado en ella cuando lo encontramos luego en la corte de distrito el 25 de septiembre de 1925 en que fué llamada su causa para la vista y se le declaró culpable del delito de acometimiento y agresión grave imponiéndosele como pena el pago de una multa de cincuenta dólares.

De esta última sentencia es que se ha interpuesto el presente recurso de apelación señalándose en el alegato tres errores atribuídos a la corte, 1, al declarar sin lugar la moción de sobreseimiento, 2, al permitir a la esposa declarar contra el esposo, y 3, al apreciar la prueba.

[1, 2] Con respecto al primer error todo lo que consta de la exposición del caso es lo que sigue:

"Antes de hacer alegación alguna, una vez leída la acusación, el acusado radicó una moción solicitando el archivo y sobreseimiento del caso, porque la denuncia en el presente caso fué archivada en la secretaría de esta corte con fecha 17 de septiembre de 1924, habiendo sido arrestado dicho acusado con fecha 10 de septiembre del mismo año. Que desde dicha fecha 17 de septiembre de 1924 hasta el 25 de febrero de 1925, habían transcurrido 161 días sin que se hubiese celebrado el juicio del acusado. Que el acusado no había pedido suspensión alguna y la dilación no había sido por su causa y que la corte desde que fué radicada dicha denuncia estuvo siempre en sesión continua y teniendo tiempo hábil para celebrar dicho caso. Que el acusado no ha sido culpable de dicha dilación y se han violado los derechos esenciales del acusado, entre ellos, de te-

ner un juicio rápido de acuerdo con la ley. Que es el primer señalamiento que se hace.

"Entonces el fiscal dijo: La justa causa para no haberse celebrado el juicio en este caso es que no ha habido absolutamente ninguna negligencia por parte del Fiscal de no haber señalado este juicio ante la corte. En segundo lugar la corte ha estado continuamente, como el mismo acusado alega en su propia moción, trabajando constantemente desde la fecha en que llegó esta denuncia a esta corte, celebrando juicios por jurado y juicios en apelación; si esto es así, claro es que los juicios no pueden celebrarse todos a un tiempo y sí por orden y en la forma en que han sido señalados le ha correspondido hoy a éste, sin haber habido negligencia sino por falta de tiempo material. Ha habido necesidad de ver los demás casos en el orden que han sido radicados. El mismo acusado dice: 'Por haber estado la corte en sesión continua, etc.' Ha sido por imposibilidad física de la corte.

"El Juez dijo: La corte declara sin lugar la moción. La defensa tomó excepción."

El Fiscal, en su alegato, dice:

"En cuanto al primer error hemos de manifestar que se trata en este caso de una apelación procedente de la Corte Municipal de Río Grande, por un delito de Acometimiento y Agresión Grave. Siendo esto así nos parece de perfecta aplicación la jurisprudencia de este Hon. Tribunal Supremo en el caso de *El Pueblo* v. *Falcastro,* 17 D.P.R. 99, que dice lo siguiente:

"'En cuanto a la tercera excepción formulada por el abogado del acusado, debemos decir que estamos de acuerdo con la opinión expresada por la corte de distrito, denegando la solicitud del abogado para que se sobreseyera el caso, puesto que el artículo 448 del Código de Enjuiciamiento Criminal, en el que él se basa para apoyar su moción, es aplicable solamente a los casos que han de verse ante las cortes de distrito, mediante acusación presentada por el Fiscal, y no a denuncias presentadas ante las cortes municipales y llevadas en apelación ante las cortes de distrito para nueva vista.'"

De estar en todo su vigor la jurisprudencia establecida en el caso de *Falcastro, supra,* tendría razón el Fiscal, pero esta Corte Suprema en el caso de *Dyer* v. *Rossy,* 23 D.P.R. 773, si bien no discutió la cuestión, de hecho aplicó el artículo 448 del Código de Enjuiciamiento Criminal a una ape-

lación procedente de una corte municipal, y en el de *Ochoa*
v. *Manzano,* 24 D.P.R. 843, 845, 847, se expresó así:

"En 7 de agosto, 1916, el peticionario presentó una petición en
debida forma a la corte municipal solicitando el sobreseimiento de
la acción y alegando entre otros particulares, que la vista de la
causa había sido suspendida por un término mayor de 120 días sin
existir justa causa para ello. La corte se negó a ordenar el sobre-
seimiento y no hizo señalamiento del caso para otro período defi-
nido. Entonces el peticionario radicó esta solicitud de *mandamus*
en la Corte de Distrito de Guayama. Dicha corte convino en sus-
tancia en que el peticionario habría tenido derecho al remedio de
haberse originado el caso o si hubiera estado celebrándose en la
corte de distrito; que el mero hecho de la ausencia de un testigo
en los Estados Unidos no era justa causa, y otras bien razonadas
consideraciones, pero la corte de distrito se encontró en una situa-
ción difícil con motivo del conflicto que al parecer encontraba en-
tre el caso de *El Pueblo* v. *Falcastro,* 17 D.P.R. 96, y el de *Dyer* v.
*Rossy,* 23 D.P.R. 772, y de ahí que la corte estimara que carecía de
facultad para ordenar el sobreseimiento de la causa y expidió en su
lugar un auto perentorio de *mandamus* dirigido al juez municipal,
ordenándole que procediera a celebrar el juicio. La corte inferior
resolvió que el efecto del caso de *Dyer* era el de extender la aplica-
ción del artículo 448 a los casos apelados a la corte de distrito y ce-
lebrados *de novo,* pero no a los casos que se celebran en la corte mu-
nicipal.

"Al considerarse el caso de *Dyer* v. *Rossy, supra,* no fué some-
tido a este tribunal el caso de *Falcastro,* pero si lo hubiera sido, la
regla que seguimos para la decisión necesariamente hubiera tenido
que ser la misma. * * * El razonamiento del caso de *Dyer* si
era aplicable en algún sentido técnico a un caso en apelación de una
corte municipal, era igualmente aplicable a un juicio en la misma
corte municipal. * * * "

En el tomo 26, página 21 de nuestras Decisiones aparece
reportado el caso de *El Pueblo* v. *Cesari.* Procedía de la
corte municipal y eso no obstante esta corte revocó la sen-
tencia recurrida por no haberse celebrado la vista dentro de
los ciento veinte días de acuerdo con el artículo 448 del Có-
digo de Enjuiciamiento Criminal.

Y en el caso de *El Pueblo* v. *Mercado,* 27 D.P.R., 568, la corte dijo:

"El artículo 448 del Código de Enjuiciamiento Criminal por sus términos confiere al acusado en la corte de distrito el derecho al sobreseimiento del proceso si el juicio no se celebra dentro de ciento veinte días después de presentada la acusación. Hemos resuelto en el caso de *Ochoa* v. *Manzano,* 24 D.P.R. 786, que este término es aplicable a los juicios en las cortes municipales. Esta fué una apelación contra sentencia de una corte municipal y el acusado fué sometido a juicio dentro de los ciento veinte días siguientes a la radicación de la transcripción en la corte de distrito. Nos vemos obligados a sostener que el punto de partida al computar el término es la fecha de la radicación en la corte de distrito y no aquella en que se interpone la apelación. La radicación de la transcripción es el único acto equivalente a la presentación de la acusación si hemos de atenernos a lo dispuesto en el artículo 448. No queremos decir que un apelante no deba jamás tratar de obtener un sobreseimiento basado en que no se ha seguido adelante con el proceso hasta después de haber transcurrido ciento veinte días de la fecha de la radicación de la transcripción, pero entonces tiene que acreditar hechos más fuertes que los acreditados en este caso. El acusado tiene entonces la obligación de demostrar que la demora no fué justificada. *Ex parte Turner,* 26 Tex. 708, 84 A.D. 598; *El Pueblo* v. *Díaz,* 5 D.P.R. 202; *El Pueblo* v. *Falcastro,* 17 D.P.R. 96."

A virtud de lo expuesto es necesario concluir que la jurisprudencia establecida en el caso de *Falcastro, supra,* no fué seguida por esta corte y ha quedado sustituída por la que establece que es aplicable el artículo 448 del Código de Enjuiciamiento Criminal a las causas apeladas para ante las cortes de distrito, contándose el término a partir de la fecha de la radicación de la transcripción de los autos en la dicha corte de distrito.

Decidida esta cuestión, resolveremos el caso de acuerdo con las circunstancias que concurren en el mismo. No aparece enteramente claro cuándo se archivó la transcripción, pero aceptando que lo fuera el 17 de septiembre de 1924 es indudable que a la fecha del juicio—25 de febrero de 1925 —habían transcurrido más de ciento veinte días. ¿Existió

justa causa para la. dilación? Juzgando por lo único que
ante nosotros consta y que dejamos transcrito y apreciando
el exceso de trabajo de la Corte de Distrito de San Juan
durante los últimos años por el hecho de haberse visto obli-
gada la Legislatura a aumentar el número de sus jueces,
opinamos que la justa causa pàra la dilación existió, y por
tanto que no se cometió el primero de los errores señalados.

[3] Tampoco el segundo. Cita el apelante la versión cas-
tellana del artículo 40, No. 1, de la Ley de Evidencia que dice:

"1. Un marido no podrá ser examinado a favor ni en contra de
su mujer, sin el consentimiento de ésta; ni una mujer a favor ni en
contra de su marido, sin el consentimiento de éste; ni podrá nin-
guno de los dos durante o después del matrimonio, ser examinado
sin consentimiento del otro, respecto a alguna comunicación habida
de parte a parte, durante el matrimonio; pero esta disposición no
será aplicable a una acción o procedimiento civil por uno de los cón-
yuges contra el otro ni a una acción o procedimiento criminal por
un delito grave, cometido por uno de ellos contra el otro."

Si las últimas líneas del precepto legal citado fueran
como aparecen en la versión castellana, tendría razón el
apelante, puesto que aquí no se trata de un delito grave,
sino de un delito menos grave, pero la versión inglesa dice,
en lo pertinente: *"but this provision does not apply to a
civil action or proceeding by one against the other, nor to a
criminal action or proceeding for a crime committed by one
against the other."*

El artículo 13 del Código Penal expresa:

"Los delitos (*crimes*) se dividen en: 1º *'Felonies'* (delitos más
graves) y 2º *'Misdemeanors'* (delitos menos graves)."

Siendo ello así la palabra delito (*crime*) comprende cla-
ramente lo mismo el delito grave que el menos grave, y la
excepción es aplicable a este caso.

*Underhill* en su tratado sobre *"Criminal Evidence,"* pá-
gina 185, citado por el Fiscal, expresa la razón de la excep-
ción en cuanto a la mujer, así:

"Se hace una excepción cuando el juicio lo es de un acusado por el daño personal ocasionado por él a su esposa, y entonces es permisible la declaración de ella en su contra. Tal excepción es necesaria en bien de la justicia y para proteger a la esposa contra la violencia del marido en aquellas circunstancias que por la relación y otras condiciones que rodean a las partes no puede estar presente una tercera persona.

"Es la norma de la ley extender el derecho de la esposa a declarar contra el marido en tales casos."

[4] La prueba es suficiente. No sólo declaró en el acto del juicio la agredida si que también su hermana Andre Carrión y ambas sostienen que el acusado acometió y agredió a la primera en la forma expresada en la acusación, al llegar malhumorado a su casa. El testigo de descargo Aurelio Carrión sostuvo que había habido un disgusto entre Correa y su esposa por haber Correa pasado la noche fuera de su casa, pero que fué la esposa la que insultó a Correa sin que éste la agrediera en ningún momento. La corte creyó la prueba de cargo y no se ha demostrado que cometiera error alguno.

*Debe confirmarse la sentencia recurrida.*