El Pueblo de Puerto Rico, demandante y apelado, *v.* Ramón Tinajero, acusado y apelante.

No. 3772.—*Sometido:* Noviembre 8, 1929. *Resuelto:* Marzo 21, 1930.

*G. S. Pierluissi* y *R. A. Atiles,* abogados del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En este recurso se impugna la acusación por el fundamento de que la corte dictó sentencia contra el apelante citando el artículo 419 del Código Penal. Ese artículo se refiere a "falsificación" (*counterfeiting*) y se sostiene que en la acusación nada hay que demuestre ninguna alteración de dinero o billetes o de documentos similares, o la falsa representación de personas ficticias o cualesquiera otras de las materias comprendidas en dicho artículo. Sin embargo, el fiscal sostiene, y convenimos con él, que los hechos expresados en la acusación imputan el delito de falsedad según está

especificado en el artículo 413 del Código Penal. Por tanto, la caracterización errónea del delito por parte de la corte no favorecería al apelante. *El Pueblo* v. *Falcastro,* 17 D.P. R. 96, y *El Pueblo* v. *Benítez,* 23 D.P.R. 339.

De acuerdo con el fiscal la corte citó el artículo 419 por vía de ilustración, pero aun si se hubiese cometido error, no requiere ulterior atención.

El artículo 413 dispone:

"Será reo de falsedad toda persona que con intención de defraudar a otra, falsificare, alterare, contrahiciere o imitare cualquiera carta partida, carta, patente, escritura, contrato de arrendamiento, convenio, obligación, testamento, codicilo, comprobante de pensión, bono, pacto, billete de banco, vale, obligación, cheque, libranza, letra de cambio, contrato, pagaré, cuenta de vencimientos para el cobro de dinero o bienes, recibo de dinero o bienes, boleta de pasaje, poder, o cualquier certificado de acción, derecho o interés en el capital de alguna corporación o sociedad, o libramiento de algún contador contra la tesorería, u orden o libramiento de tesorero, o petición para el pago de dinero o entrega de mercancías o bienes muebles de cualquier clase, o para la entrega de cualquiera escritura, finiquito, descargo, o recibo por dinero o géneros, o cualquier finiquito, relevación o descargo de alguna deuda, cuenta, pleito, acción, demanda u otra cosa inmueble o mueble, o cualquier traspaso o transferencia de dinero, certificado de acciones, géneros, bienes muebles o semovientes o cualquiera otra propiedad, o cualquier poder, o autorización para recibir dinero, o para recibir o trasportar certificados de acciones o de anualidades, o para alquilar, arrendar, enajenar, o traspasar mercaderías, bienes muebles o semovientes, terrenos, tenencias, u otra propiedad inmueble o mueble, o cualquiera aceptación o endoso de letra de cambio, pagaré, libranza, orden o traslación, cesión de bonos, u obligación por dinero u otra propiedad; o que falsificare o imitare el sello o letra de otra persona; o que emitiere, circulare, pasare, o intentare pasar como genuino, cualquiera de las susodichas falsificaciones, imitaciones o alteraciones, sabiendo que lo son, con intención de perjudicar, dañar, o defraudar a alguna persona; o que, con intención de defraudar, alterare, viciare, o falsificare la inscripción de algún testamento, codicilo, traslación de dominio, u otro documento cuya inscripción constituya prueba en juicio, o el registro de la sentencia de algún tribunal, o diligencia practicada por algún funcionario en cumplimiento de mandamiento judicial."

La acusación alegaba, en efecto, que el acusado trató de pagar ciertas mercancías con un cheque que se suponía estar firmado por el doctor Yordán Pasarell, y que nunca fué así suscrito, a sabiendas de que estaba falsificado, y con la intención de defraudar a la razón social Colón & Segarra, todo ello en Ponce. Por tanto, el acusado, con intención de defraudar a Colón & Segarra, pasó como genuino un cheque falsificado, a sabiendas de que así lo estaba. Esta fué la imputación esencial de la acusación y caía dentro de las disposiciones del artículo 413 del Código Penal.

No encontramos que haya duplicidad en la acusación, suponiendo que esta cuestión fuera debidamente suscitada en la corte inferior.

El acusado alega que ha habido una variación. La discrepancia alegada fué que no hubo prueba de circulación del cheque. La prueba tendió a demostrar que el acusado había tomado los efectos en sus propias manos; que su intención fué comprarlos a Colón & Segarra; que entregó el cheque falso a un dependiente; que éste no podía aceptarlo sin la aprobación de uno de los socios de la casa; que uno de los socios de la casa se disponía a cobrar el cheque cuando llegaron la policía y el Dr. Yordán Pasarell e impidieron procedimientos ulteriores.

Si el cheque hubiese sido válido el título habría pasado. Por tanto, no siéndolo, Colón & Segarra hubieran sido defraudados. La circulación del cheque y la tentativa de defraudar eran manifiestas y suficientes para una convicción, siempre que concurrieran los otros elementos del delito.

El apelante cita un caso de California para demostrar que era necesario que el Dr. Yordán negara que él había autorizado al acusado a firmar el cheque. La prueba, tanto directa como circunstancial, tendió fuertemente a establecer que el Dr. Yordán no había dado tal autorización al acusado. Cuando el Dr. Yordán se encontró con el acusado en el establecimiento de Colón & Segarra le preguntó por qué trataba

de cambiar un cheque falso, o algo similar, y el acusado le suplicó que lo perdonara, y le dijo que jamás volvería a hacerlo; y mientras se dirigían al cuartel de la policía el acusado le pidió al doctor que no lo denunciara.

El tercer señalamiento de error ha sido resuelto al considerar la cuestión de variación.

Debemos agregar que los letrados en este caso fueron nombrados por la corte para que defendieran al acusado, y que ellos hicieron cuanto estuvo a su alcance en defensa de su representado.

*Debe confirmarse la sentencia apelada.*