El Pueblo de Puerto Rico, demandante y apelado, *v.* José Antonio Perazza, acusado y apelante.

Núms. 7156, 7157, 7158, 7159, 7160 y 7161. *Sometidos:* Julio 14, 1938.
*Resueltos:* Julio 20, 1938.

El acusado compareció por escrito; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El Fiscal de la Corte de Distrito de Ponce formuló seis acusaciones contra José Antonio Perazza por delitos de falsificación. El acusado hizo alegación de culpable en cada uno de estos casos y la corte le impuso un año de presidio con trabajos forzados en cada uno de ellos. Contra las sentencias así dictadas interpuso el acusado recurso de apelación.

Como las cuestiones envueltas en cada caso son las mismas, vamos a considerar los seis recursos conjuntamente en una sola opinión.

En cada uno de estos seis casos el acusado imputa a la corte inferior tres errores, a saber:

"1. Que la acusación que formula el Hon. Fiscal Aux. de la Corte de Distrito de Ponce contra este acusado no responde ni es la propia para los casos de violación del artículo 413 del Código Penal y sí la que corresponde a un caso de falsa representación.

"2. Que no se estableció conexión alguna de acuerdo con el texto de la denuncia, entre la falsificación y la intención de defraudar, ya que la posesión de unos cheques como firmados por Juan Lugo Ramíres y en poder del acusado, no prueba intención o malicia de intentar realizar la violación alegada por el fiscal, ya que dicha firma no se probó fuese la del acusado.

"3. Que los cheques en posesión del fiscal revelan que no fueron cobrados por este acusado ni por ninguna otra persona. Este acusado declaróse culpable creyendo que la posesión establecía el delito."

La acusación formulada por el fiscal en el caso número 7156 es igual a la de los cinco restantes, con excepción del nombre de la persona cuya firma se alega haber sido falsificada, que en los casos 7156, 7157, 7158 y 7161 fué Juan Lugo Ramírez, y en los restantes Juan Pagán; la fecha de la comisión del delito, que en los casos 7156 y 7157 se alega fué el 2 de noviembre de 1937, mientras que en los demás se alega que fué el primero de noviembre de dicho año, y el montante de los cheques, que fluctúa entre $25 y $50.

La acusación en el referido caso 7156 dice así:

"El Fiscal formula acusación contra José Antonio Perazza por un delito de falsificación, infr. art. 413 Código Penal (*felony*), cometido de la manera siguiente:

"Porque el referido acusado, José Antonio Perazza, con anterioridad a la presentación de esta acusación, o sea allá en o para el día 2 de noviembre de 1937, y en Ponce, P. R., que forma parte del Distrito Judicial de Ponce, P. R., allí y entonces, ilegal, voluntaria, criminal y maliciosamente y con la intención de defraudar a Juan Lugo Ramírez, falsamente, falsificó la firma de éste en un cheque, por la suma de $50.00, contra el Banco Caja de Economías y Préstamos, de San Germán, que es una corporación constituída de acuerdo con las leyes de Puerto Rico.

"Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de 'El Pueblo de Puerto Rico.' (Fdo.) Guillermo S. Pierluisi, Fiscal del Distrito.—La acusación que antecede está basada en el testimonio de testigos examinados bajo juramento ante mí, creyendo solemnemente que existe justa causa para presentarla al tribunal. (Fdo.) Guillermo S. Pierluisi, Fiscal del Distrito.—Jurada y firmada ante mí, hoy 17 de noviembre de 1937. (Fdo.) E. Gotay Purcell, Secretario de la Corte de Distrito de Ponce."

La acusación antes transcrita contiene los elementos todos constitutivos del delito de falsificación, artículo 413 del Código Penal, a saber: (*a*) Falsificación de la firma de Lugo o de Pagán, según los casos, y (*b*) con la intención de defraudarlos.

■ En el delito de falsa representación para recibir dinero o bienes (artículo 470 del Código Penal) y en el de falsificación (artículo 413 del mismo código) existe un elemento común a ambos cual es la intención de defraudar. Pero cuando para llevar a efecto el fraude falsamente se altera, falsifica, hace o emite cualquier título, documento, obligación, cheque, etc., el delito que se comete es el de falsificación, siendo el de falsa representación en los demás casos en que para llevar a efecto el fraude se acude a otros medios que no sean la falsificación, alteración o emisión de documentos. En este caso, en que se emitió un cheque falsificando la firma de Juan Lugo Ramírez, el delito imputado es el de falsificación y no el de falsa representación e impostura. No existe, pues, el primer error señalado por el acusado.

■ El acusado hizo alegación de culpable y esa alegación constituía la mejor prueba de los hechos imputádosle en la acusación. *Confessio facta in judicio omni probatione major est.* Tampoco existe el segundo error.

■ El hecho de que los cheques falsificados no llegaran a cobrarse o a hacerse efectivos no exime al acusado de responsabilidad criminal. La esencia de este delito es la falsificación con intención de defraudar. No es necesario que el fraude llegue a perpetrarse.

No se ha cometido ninguno de los errores señalados por el acusado. La acusación en cada caso es suficiente y la sentencia es la mínima que autoriza la ley. Por consiguiente, *procede confirmar la sentencia de un año de presidio con trabajos forzados que en cada uno de los casos arriba expresados impuso al apelante la Corte de Distrito de Ponce.*