El Pueblo de Puerto Rico, demandante y apelado, *v.* Félix Rivera Torres, acusado y apelante.

Núms. 13521 y 13522.—*Sometidos:* Noviembre 15, 1948. *Resueltos:* Noviembre 30, 1948.

*José M. Valentín Esteves,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández y J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Contra Félix Rivera Torres se presentaron ante el Tribunal del Distrito Judicial de San Juan dos acusaciones por el delito de falsificación. Éste consistió en haber suscrito, circulado, pasado y entregado como genuinos y legítimos y como firmados por Santiago Osorio Santos dos cheques por $197.50 y $45.60, respectivamente. Los casos fueron vistos

separadamente ante el Tribunal de derecho, siendo la aducida por El Pueblo la prueba que en forma somera pasamos a reseñar en seguida:

En el primero, que el acusado se presentó en la mueblería de Miguel Colón y manifestó a éste que interesaba comprar un linóleo valorado en $9, en pago del cual le dió un cheque por $197.50 librado por Santiago Osorio Santos; que Colón devolvió al acusado $188.50; que la firma de Santiago Osorio Santos que aparecía en dicho cheque no era genuina, admitiendo el propio acusado en una declaración jurada prestada ante el fiscal y ofrecida por éste en evidencia, que él la había falsificado.

En el segundo, que el acusado llevó el cheque por $45.60 a Felipe Maldonado para que se lo hiciera efectivo; que Maldonado no conocía al acusado y le exigió que una persona lo identificara, haciéndolo así poco después un tal Alejo Vázquez; que entonces el importe del cheque fué pagado por Maldonado al acusado; que poco después Maldonado fué con ese cheque donde su yerno Luis Serra y éste se lo pagó y que cuando Serra lo envió al banco el mismo fué devuelto por no ser legítima la firma que lo suscribía. También se hizo constar que algún tiempo después el padre del acusado satisfizo a Maldonado el importe del aludido cheque.([1]) Rivera Torres no presentó prueba en ninguno de los dos casos.

Apreciada la prueba por el tribunal inferior, éste declaró al acusado culpable y le sentenció a cumplir de tres a catorce años de presidio en cada caso, debiendo cumplirse las sentencias concurrentemente. De éstas apeló el acusado y sostiene en ambos casos que la corte inferior cometió error de derecho al declararle culpable con una prueba insuficiente y que las sentencias son contrarias a derecho y a la prueba.

El artículo 413 de nuestro Código Penal define ampliamente en qué consiste el delito de falsificación y pro-

---

([1]) Ya Serra había requerido de su suegro la devolución de los $45,60 y Maldonado así lo había hecho.

vee, entre otros, que comete ese delito todo aquél que hiciere, circulare o pasare un cheque sabiendo que el mismo es falso, con intención de perjudicar, causar daño o defraudar a alguna persona. La médula del delito consiste en la intención de perjudicar, causar daño o defraudar a otro a sabiendas de que el documento es falso. *Pueblo* v. *Tinajero,* 40 D.P.R. 733; *Pueblo* v. *Perazza,* 53 D.P.R. 588; *People* v. *Baker,* 100 Cal. 188. En el presente caso el acusado no sólo preparó y suscribió los cheques con la firma de otra persona, sino que a sabiendas de que los mismos eran falsos los hizo efectivos y se apropió del dinero obtenido. El hecho de que el padre del acusado devolviera a uno de los interesados el importe de uno de los cheques, no altera en absoluto la situación, ya que como dijimos en *Pueblo* v. *Perazza,* supra, ni aún el hecho de que los cheques falsificados no llegaran a cobrarse o a hacerse efectivos exime al acusado de responsabilidad criminal. Véanse también *People* v. *Di Ryana,* 8 Cal. App. 333, 96 P. 919, 12 Cal. Jur. sección 3, pág. 648; 23 Am. Jur. sección 28, pág. 687. Cf. *United States* v. *Plyer,* 222 U. S. 15.

La prueba que figura en los autos justifica las sentencias dictadas y las mismas no resultan ser contrarias a derecho. Todos los elementos del delito imputado quedaron plenamente demostrados.

*Deben confirmarse las sentencias apeladas.*