## Ex Parte Correa.

### Apelación procedente de la Corte de Distrito de

### Guayama.

No. 10.    Resuelto en Marzo 30, 1905.

Delitos contra el derecho electoral.—Felony.—El delito previsto y castigado en el art. 161 del Código Penal es de carácter *felony*, para el conocimiento del cual no tienen jurisdicción las Cortes Municipales.

Delitos cometidos por funcionarios públicos.—Delitos no sancionados expresamente por el Código.—Los delitos que pueden ser castigados con arreglo al art. 93 del Código Penal, son aquellos para los cuales la ley no prescribe otro castigo, pero si el delito estuviere expresamente sancionado por alguna disposición del Código, deberá perseguirse y castigarse con arreglo á ésta.

Habeas Corpus.—Extralimitación de jurisdiccion.—Prisión ilegal.—Si un tribunal hubiere juzgado y condenado á un acusado por un delito respecto del cual no tuviere jurisdicción, habrá incurrido en una extralimitación de jurisdicción, y en su virtud, la prisión del acusado es ilegal y tiene derecho á ser excarcelado en un procedimiento de Habeas Corpus.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Capó.*

Abogado del Pueblo: *Sr. Rossy,* Fiscal.

El Juez Asociado Sr. MacLeary, emitió la siguiente opinión del Tribunal.

El peticionario en la presente causa fué procesado en la Corte Municipal de Cayey por violación de las leyes electorales, y en el acto del juicio fué declarado culpable y condenado á dos meses de prisión en la Cárcel del Distrito. El peticionario solicitó un auto de *habeas corpus*

ante el Honorable Charles E. Foote, Juez de la Corte de Distrito de Guayama, y después de la vista de la causa fué excarcelado por la razón de que la Corte Municipal de Cayey no era competente para juzgar definitivamente al procesado bajo la acusación del delito que se le imputaba por violación de las leyes electorales.

El acusado, al hacer su defensa ante la Corte sentenciadora, citó como autoridades el artículo 161 del Código Penal y el artículo 403 del Código de Enjuiciamiento Criminal, así como el artículo 483, párrafo 1o. del mismo Código, que trata del *habeas corpus.*

El Fiscal especial que seguía esta causa interpuso recurso de apelación contra la sentencia de la Corte, excarcelando al detenido, y sometió el caso á esta Corte para su resolución. La sentencia de dicha Corte, contra la cual se interpuso la presente apelación, á la letra dice así:

"En la Corte de Distrito del Distrito Judicial de Guayama.—Felipe Correa versus El Pueblo de Puerto Rico.—El día 11 de Marzo de 1905 fué producido á mi presencia el cuerpo de Felipe Correa en el sitio que se expresa en dicho auto; y habiendo oído las alegaciones del Fiscal y abogado del peticionario y leído y considerado las diligencias practicadas respecto al mismo reservé la resolución hasta hoy día trece del actual, en que soy de parecer que la prisión de Felipe Correa es ilegal y en su virtud, Yo, Charles E. Foote, Juez de la Corte de Distrito del Distrito Judicial de Guayama por la presente ordeno que el referido Felipe Correa sea excarcelado y puesto en libertad inmediatamente por dicho Luis Meana Alcaide de la Carcel de Cayey por la causa antes especificada. Dado y firmado por mí bajo el sello de esta Corte en Guayama á trece de Marzo de 1905."

El Fiscal, en nombre del Gobierno, afirma que el detenido fué juzgado bajo los artículos 93 y 44 del Código Penal, que dicen lo siguiente:

"Art. 93.—Toda persona que, ocupando un empleo público, obstinadamente rehusare ó descuidare cumplir las obligaciones de dicho

empleo, ó que infringiere cualquiera disposición legal relativa á sus obligaciones ó las de su cargo y para lo cual no se hubiese señalado otra pena, incurrirá en multa máxima de cinco mil (5.000) dollars, ó carcel por el término máximo de un año, ó ambas penas.

Art. 44.—Un acto ú omisión penable de distintos modos por distintas disposiciones de este Código, podrá castigarse con arreglo á cualquiera de dichas disposiciones, pero en ningún caso bajo más de una; la absolución ó convicción y sentencia bajo alguna de ellas, impedirá todo procedimiento judicial por el mismo acto ú omisión, bajo cualquiera de las demás.''

Los hechos consignados en la acusación contra el preso quedan expuestos como sigue:

"En Cayey el día 23 de Enero de 1905, ante mí Angel María Rodríguez, Juez Municipal, compareció Clemente Figueroa vecino de la Cidra y previo juramento declara que el día de las elecciones cuando penetraban los electores en el Colegio No. 41 con el fin de votar, el Presidente de dicho Colegio Sr. Correa, le hacía preguntas innecesarias tales como: ¿U. votó el año pasado? Hay cuatro partidos. ¿Vá á votar U. por qué partido? ¿Vá á votar por el partido Unionista, ó va á votar por el partido demócrata ó va á votar por el partido republicano? ¿Se encuentra capacitado para votar? Y también invertía más tiempo en la votación dando lectura nombre por nombre á todos los candidatos. En prueba de todo firma en unión del Sr. Juez.''

Aparece claramente que estos hechos constituyen una violación de las leyes electorales, comprendidos entre los previstos en el artículo 161 del Código Penal, y por lo tanto constituyen un felony, y deben castigarse como tal. Pero se afirma que también están comprendidos en el artículo 93 de dicho Código, y pueden considerarse como un misdemeanor, y por lo tanto que pueden castigarse como tal. Pero por una lectura cuidadosa del artículo 93 se verá que sólo se refiere á las ofensas "para las cuales no se hubiese señalado otra pena'' con el fin de que las violaciones de la ley no queden sin castigarse. Así es que en vista de que los actos imputados al preso son castigados con

arreglo al artículo 161 del Código Penal, no pueden ser comprendidos en el artículo 93, y por consiguiente el 44 de dicho Código no tiene aplicación á los mismos.

El acusado debía haber sido juzgado con arreglo al artículo 161 y si se probara su culpabilidad, según parece haberse probado en este caso, debía haberse castigado por "una multa máxima de mil dollars, ó presidio por un término de uno á cinco años, ó ambas penas."

Siendo calificado este delito por las leyes como "felony", está fuera de la jurisdicción de la Corte Municipal, y por consiguiente el caso está comprendido en el artículo 5 de la Ley de Habeas Corpus, ó sea, el artículo 483 del Código de Enjuiciamiento Criminal, párrafo 1o., habiendo la Corte Municipal traslimitado su jurisdicción en el juicio definitivo del presente caso, debía haberse excarcelado al preso, y la sentencia de la Corte de Distrito en la presente causa, según queda transcrita anteriormente es justa.

Por las razones anteriormente expuestas dicha sentencia de la Corte de Distrito debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández y Figueras.

El Juez Asociado Sr. Wolf no formó Tribunal en la vista de este caso.