EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* DOLORES LUGO, acusado y apelado.

Núm. 8192.—*Sometido:* Enero 14, 1941. *Resuelto:* Marzo 7, 1941.

*Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelante; *Leopoldo Tormes García,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La cuestión a resolver envuelta en este caso es la de si la acción penal ejercitada por el Pueblo por medio del fiscal del distrito de Ponce ha prescrito.

El 19 de enero de 1940 se formuló acusación contra Dolores Lugo imputándole la comisión de un delito de ataque para cometer homicidio perpetrado el 15 de agosto de 1936. Al leérsele, el acusado alegó su inocencia y solicitó juicio por jurado y cinco días después presentó una moción pidiendo el sobreseimiento de la causa por prescripción de la acción. Se opuso el fiscal y la corte, oídas ambas partes, declaró con lugar la moción y en su consecuencia decretó el sobreseimiento y archivo de la causa. El fiscal, en nombre y reprentación del Pueblo, interpuso el presente recurso de apelación.

Después de declarar en su resolución dictada en corte abierta que se había demostrado que el acusado fué arrestado por el mismo delito primeramente en septiembre 10, 1936, formulándose acusación contra él el 29 del propio septiembre, acusación que fué sobreseída en marzo 1, 1939, por no haberse celebrado el juicio dentro del término de ley "sin perjuicio de que el fiscal pueda proceder a radicar nuevas acusaciones si lo creyere procedente"; que se le arrestó otra vez por el mismo delito en mayo 23, 1939, formulándose acusación contra él en junio 5 siguiente, acusación que también se sobreseyó por la misma causa y en los mismos términos el 22 de noviembre de 1939, fecha ésta en que se decretó de nuevo su arresto a los fines de la última acusación o sea la de 19 de enero de 1940, la corte de distrito se expresó así:

"En el caso de *El Pueblo* v. *Capestany,* 37 D.P.R. página 586, se dice: 'Que el término dentro del cual deben ejercitarse las acciones penales por delitos graves (felony) fuera de Asesinato, Malversación de Fondos y Falsificación de Documentos Públicos, empieza a contarse desde la fecha en que se decreta el arresto del acusado, o en su defecto desde la fecha en que se presenta la acusación.'

"Esta corte entiende, que si bien el arresto de este acusado se llevó a efecto en la primera causa criminal 6087, el 10 de septiembre de 1936, ella quedó sin efecto ni valor alguno legal, por cuanto se decretó el sobreseimiento y archivo del caso, y quedó en libertad el acusado... que volvió a arrestarse al acusado en la causa criminal 8065, para el mes de mayo de 1939, y lo cierto es que el propio acusado quedó en libertad en virtud del sobreseimiento y archivo de ese caso por orden de esta corte, de 22 de noviembre de 1939, quedando en libertad el acusado,.... Esta corte entiende por lo tanto, que las dos causas anteriormente radicadas contra el acusado Dolores Lugo, por el delito de Ataque para Cometer Homicidio, fueron archivadas completamente y quedado en libertad el acusado, lo que significa a juicio de este tribunal que ante esta corte no ha existido ningún caso anteriormente contra este acusado porque fueron archivadas sus acusaciones, puesto en libertad y canceladas sus fianzas.

"Así pues, esta corte considera que la única orden de arresto radicada en este caso es la del 22 de noviembre de 1939, porque las otras dos no se pueden considerar como que interrumpen la prescripción, porque lo que no existe, no puede considerarse, y si la orden de arresto fué expedida en 22 de noviembre de 1939, y el delito fué cometido en 15 de agosto de 1936, la corte entiende que ha transcurrido con exceso el término de tres años para presentar la acusación, y por tanto considera prescrito el delito que se le imputa al acusado, o sea el de Ataque para Cometer Homicidio, conforme al artículo 78 de nuestro Código Penal."

El fiscal sostiene que esa resolución es errónea porque el término de tres años que fija el artículo 78 del Código Penal para la prescripción de la acción en un caso como éste quedó interrumpido por la orden de arresto de septiembre 10, 1936, y la subsiguiente presentación de la primera acusación en septiembre 29, 1936, y por la orden de arresto de mayo 23, 1939, y la formulación de la segunda acusación de junio 5, siguiente, estando en su consecuencia viva la acción cuando

el arresto de noviembre 22, 1939, fué practicado y presentada la tercera acusación en enero 19, 1940.

La ley se limita a fijar el término prescriptivo, así: "La acción penal por cualquier delito grave (*felony*)....deberá entablarse dentro de los tres años de su comisión." Artículo 78 del Código Penal. Nada dispone sobre interrupción del término.

Siendo ello así ¿puede resolver la corte que no obstante haber transcurrido más de tres años desde la fecha en que se cometió el delito y aquélla en que se practicó el arresto que sirvió de base a la acusación, la acción penal subsiste porque otros arrestos se practicaron y otras acusaciones fueron presentadas dentro del período prescriptivo aunque esas otras acusaciones fueran sobreseídas por no haberse celebrado los juicios correspondientes dentro del término de ley y la libertad del acusado hubiere sido decretada y cancelada la fianza a virtud de la cual disfrutaba de esa libertad provisionalmente?

A nuestro juicio no puede. Es cierto que el artículo 452 del Código de Enjuiciamiento Criminal dispone que cuando se trata de un delito grave (*felony*) el sobreseimiento decretado de acuerdo con el artículo 448 no impide la formación de otro proceso y que aquí la corte de distrito expresamente al decretar los sobreseimientos de las acusaciones anteriores lo hizo sin perjuicio de que pudiera formularse otra acusación, pero tanto la ley como la orden deben interpretarse en armonía con el otro precepto legal que también rige, a saber, el de que la acción penal deberá entablarse dentro de los tres años de la comisión del delito. Si esos tres años no hubieran transcurrido, ley y orden tendrían realidad en la práctica, pero habiendo transcurrido, no pueden aplicarse. Ambos preceptos legales, el artículo 78 del Código Penal y el 452 del Código de Enjuiciamiento Criminal, deben interpretarse armónicamente de modo que puedan como pueden subsistir.

Esta cuestión de la interrupción del término prescriptivo ha sido tratada detenidamente en A.L.R. al anotarse el caso de *State Ex Rel Melson* v. *Peeler* (197 Fla. 615; 146 So. 188).

La introducción de la nota es como sigue:

"La materia objeto de esta monografía trae a consideración la interpretación y aplicación de tres clases de estatutos que limitan el período de tiempo dentro del cual pueden incoarse procedimientos criminales, en tanto tales estatutos se refieren a la prescripción del período estatutario según éste resulta afectado por el hecho de declararse fundada y ser devuelta una acusación del gran jurado o por la radicación de una acusación por el fiscal. Las tres clases de estatutos son las siguientes: (1) Estatutos que proveen que una acusación del gran jurado (*indictment*) debe ser declarada fundada y devuelta dentro de determinado período después de la comisión de la ofensa imputada; (2) estatutos que no se refieren al período de tiempo de declararse fundada una acusación ·del gran jurado ni al de radicarse una acusación por el fiscal si que simplemente proveen que los procesos deberán incoarse dentro de determinado período, y (3) estatutos que disponen que si una acusación del gran jurado es anulada (*quashed*), dejada sin efecto, desestimada o si fracasa por cualquier otro motivo y una nueva acusación del gran jurado se declara fundada o se radica una nueva acusación por el fiscal, el tiempo que transcurra entre la devolución (*return*) o radicación de las dos acusaciones del gran jurado o del fiscal respectivamente, no será contado como parte del período de prescripción, o que una nueva acusación del gran jurado podrá ser declarada fundada y devuelta o una nueva acusación radicada dentro de determinado período de tiempo después que la primera acusación del gran jurado o del fiscal fué anulada, etc." 90 A.L.R. 452.

Nuestra ley, tal como interpretada en el caso del *Pueblo* v. *Capestany,* 37 D.P.R. 586, corresponde a la segunda clase de estatutos y así para ellos como para la primera, se dice en la nota:

"VII. Nuevo proceso después de desestimarse, declararse con lugar una moción de *nonsuit* o de no prosperar el proceso original.

"*a.* En ausencia de un estatuto que interrumpa el período de prescripción estatutario.

"1. Regla de la mayoría.

"Se sostiene generalmente que la devolución (*return*) de una acusación del gran jurado o la radicación de una acusación por el fiscal bajo las cuales no puede obtenerse una convicción o sentencia válida no operarán en el sentido de impedir que transcurra el Estatuto de Limitación (Prescripción) mientras está pendiente la devolución o radicación de otra acusación del gran jurado o por el fiscal, en ausencia de un estatuto que expresamente lo provea. *United States* v. *Ballard* (1844; C. C.) 3 McLean, 469, Fed. Cas. Núm. 14,507; *United States* v. *Baker* (1931; C. C. A. 2d) 50 F. (2d) 122 (sin hacer mención del estatuto federal (U. S. S. título 18, sección 582) según fué enmendado en 1927, el cual·provee que el límite de tres años dentro del cual una acusación del gran jurado debe ser declarada fundada no es aplicable a ningún delito por virtud del cual un *indictment* ha sido previamente declarado fundado, etc.; véase *Grimsley* v. *United States* (1931; C. C. A. 5th) 50 F. (2d) 509, infra, VII. b, 1, decidido bajo este estatuto); *State* v. *Bilboa* (1923) 38 Idaho, 98, 222 Pac. 785 (revocando la sentencia en reconsideración en (1923) 38 Idaho, ·92, 213 Pac. 1025); *State* v. *Hall* (1923) 38 Idaho, 119, 222 Pac. 793 (revocando en reconsideración (1923) 38 Idaho, 119, 213 Pac. 1027); *State* v. *Disbrow* (1906) 130 Iowa, 19, 106 N. W. 263, 8 Ann. Cas. 190; *State* v. *Thomas* (1878) 30 La. Ann. 301; *State* v. *Baker* (1878) 30 La. Ann. 1134, desestimando *State* v. *Cason* (1876) 28 La. Ann. 40; *State* v. *Curtis* (1878) 30 La. Ann. 1166; *State* v. *Morrison* (1879) 31 La. Ann. 211; *State* v. *Vines* (1882) 34 La Ann. 1073; *State* v. *Precovara* (1897) 49 La. Ann. 593; 21 So. 724; *State* v. *Tomlinson* (1842) 25 N. C. (3 Ired. L.) 32; *State* v. *Morris* (1889) 104 N. C. 837, 10 S. E. 454; *Redfield* v. *State* (1859) 24 Tex. 133.

"En el caso de *United States* v. *Ballard* (1884; C. C.) 3 McLean, 469, Fcd. Cas. Núm. 14,507, el acusado fué procesado por perjurio dentro del período de prescripción de dos años aplicable al delito. Se declaró con lugar un *nolle prosequi* interpuesto a esta acusación del gran jurado y luego, después de haber expirado el período de prescripción se devolvió una nueva acusación por el gran jurado. La corte resolvió que el proceso por el delito había prescrito manifestando: 'El primer indictment no tenía relación alguna con el segundo. En ningún sentido se puede considerar el segundo como una enmienda del primero. Cuando se declaró con lugar el *nolle prosequi* interpuesto contra el primer indictment se dió fin al proceso; y debe considerarse el segundo indictment como el comienzo de un nuevo proceso.'

"2. Regla de la minoría.

"En algunas jurisdicciones donde el proceso por un delito debe ser 'comenzado' dentro de determinado período de tiempo se ha sostenido que un proceso bajo una acusación del gran jurado o del fiscal devuelta o radicada después de transcurrido el período estatutario para incoar la acción no se considerará prescrita (*barred*) cuando una anterior acusación del gran jurado o del fiscal ha sido devuelta o radicada dentro del período estatutario, imputando el mismo delito, pero ha sido anulada, dejada sin efecto o desestimada y se ha ordenado que se radique una nueva acusación. La teoría de estos casos es que la primera acusación interrumpió la prescripción y que un proceso bajo una subsiguiente acusación era una mera continuación del primero." 90 A.L.R. 456, 457, 458.

El criterio que expusimos y sustentamos está, pues, conforme con el de la mayoría de las jurisdicciones de los estados continentales, que nos parece no sólo el más justo si que el más apropiado para aplicarse en nuestra Isla donde las acusaciones se formulan por el fiscal.

*Debe declararse sin lugar el recurso y confirmarse la resolución apelada.*

El Juez Asociado Sr. Todd, Jr., no intervino.