EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE BAYAMÓN, HON. AGUSTÍN MANGUAL HERNÁNDEZ, JUEZ, demandado; JOSÉ BERMÚDEZ MEDINA, interventor.

*Número:* O-70-139     *Resuelto:* 22 de mayo de 1973

440

*Gilberto Gierbolini, Procurador General, J. F. Rodríguez Rivera, Procurador General Interino,* y *Américo Serra, Procurador General Auxiliar,* abogados del peticionario; *Enrique Miranda Merced* y *Gregorio Lima Quiñones,* abogados del interventor.

PER CURIAM: Contra el interventor José Bermúdez Medina se formuló acusación por el delito de falsificación definido en el Art. 413 del Código Penal, 33 L.P.R.A. sec. 1641, porque alegadamente circuló y trató de pasar como genuina y verdadera una licencia de chófer a sabiendas que la misma era falsa e imitada. [1]

Iniciado el proceso, el Pueblo presentó su prueba [2] consistente, según aparece de la minuta, de la licencia de chófer y de los testimonios del Policía Ramón González y de los testigos Héctor L. Vázquez e Isaías Morales Matos. La defensa

---

[1] El texto de la acusación lee así: ". . . el referido acusado . . . ilegal, voluntaria, maliciosa y criminalmente, circuló y trató de pasar como genuina y verdadera una licencia de chófer, que es una patente de privilegio otorgada por el Estado Libre Asociado de Puerto Rico, falsificada, conteniendo la impresión del sello imitado del Negociado de Vehículos de Motor del Departamento de Obras Públicas y la firma imitada del Director de dicho Negociado, a sabiendas que la misma era falsa e imitada, con la intención de perjudicar y defraudar al erario público."

[2] Mediante resolución del 13 de diciembre de 1972, se proveyó "como se pide" a la moción del Procurador General sometiendo el recurso y prescindiendo de la transcripción de evidencia.

practicó su prueba con el testimonio del propio acusado. Entonces el tribunal, ante un planteamiento ·de derecho de la defensa, resolvió que el delito que se le imputa al acusado en este caso no está incluido en la definición del delito de falsificación contenida en el Art. 413 del Código Penal, paralizó el proceso y le ofreció al fiscal la· oportunidad de recurrir ante .nos para revisar la resolución. Concluyó el tribunal:

"Por lo tanto, el Tribunal concluye que el delito que se le imputa al acusado en este caso ·de falsificación, de falsificar una licencia de conducir automóviles no está incluído en el Art. 413 del Código Penal y no es una patente de privilegio."

A petición del Procurador General acordamos revisar. De inmediato debe señalarse que fue un lapsus del juez a quo expresar que el delito que se·le imputa al acusado es·el ". . . de falsificar una licencia de conducir automóviles." Al acusado no se le imputó eso, sino haber *circulado* y *tratado de pasar* como genuina y verdadera una licencia ·de chófer, etc., falsificada . . . a sabiendas que la misma era falsa e imitada, con la *intención de perjudicar y defraudar al· erario público*. Consideramos, por tanto, que lo que quiso decir y resolvió el juez fue que los hechos imputados—circular y tratar de·pasar· como genuina y verdàdera una licencia de chófer, a sabiendas, etc.—no constituye delito bajo el Art. 413 del Código Penal.

Hecha la aclaración, nos tòca resolver si es o no correcta la decisión del juez. El Art. 413 del Código Penal dispone en lo pertinente:

"Será culpable de falsificación toda persona que, con intención de defraudar a otra, falsamente hiciere, alterare, falsificare, o imitare cualquier título, patente de privilegio, escritura, contrato de arrendamiento, instrumento, obligación escrita . . . o que imitare o falsificare el sello o letra de otra persona, o *circulare*, publicare, *pasare* o *tratare de pasar, como genuina y verdadera, cualquiera de las cosas arriba especificadas* como falsas, alteradas, falsificadas o imitadas, *tal como antes se determinan y·describen, sabiendo que las mismas son falsas, alteradas, falsi-*

*ficadas o imitadas,* con intención de perjudicar, causar daño o defraudar a alguna persona; . . . ." (Énfasis suplido.)

■ Estamos frente a un estatuto penal. Por disposición del Art. 3 del Código Penal y una larga tradición jurisprudencial, se sostiene la norma de hermenéutica según la cual cualquier duda que surja debe resolverse a favor del acusado y de su inmunidad, pero nunca para alcanzar situaciones que no aparecen claramente contempladas por la ley. *Mari Bras.* v. *Alcaide,* 100 D.P.R. 506 (1972).

■ La norma de interpretación restrictiva no quiere decir, ni puede justificar, por supuesto, que deba dársele la interpretación más ceñida posible a los estatutos penales desatendiendo la intención y objeto que de la faz del estatuto aparezca haber tenido el legislador, y la pauta señalada en el Art. 3 que preceptúa lo siguiente:

"Todas las disposiciones y artículos de este Código deberán interpretarse según el recto sentido de sus términos, a fin de que llene su objeto y facilite la administración de justicia."

Como se puede ver, el Art. 413, tal como leía para la fecha de los hechos, declara delito con relación a ciertos escritos y documentos allí enumerados: (1) su alteración, falsificación e imitación; y (2) la circulación o traspaso de tales escritos o documentos.

La "licencia" no se encuentra entre los documentos específicamente enumerados en el artículo. Sólo mediante una interpretación liberal del vocablo "instrumento", que es uno de los especificados, podría sostenerse que comprende el término "licencia"; pero, a poco que se examine la cuestión, tal interpretación es inaceptable.

■ Como es sabido, el Art. 413 del Código Penal procede del Art. 470 del Código Penal de California. En *Pueblo* v. *Ortiz Castro,* 90 D.P.R. 593 (1964), un caso que envolvía la validez de una acusación por el supuesto delito de falsificación de una lista de premios de la lotería, concluimos que el tér-

mino "instrumento" incluido en la enumeración de documentos del Art. 413 es una traducción del término *indenture*, que es el que prevalece, usado en el Art. 470 del Código Penal de California; cuyo término significa una escritura en la que dos o más personas se conceden derechos mutuamente o se obligan recíprocamente o convienen ambas cosas, y en su sentido más amplio implica una transacción *(conveyance)*. Sostuvimos en ese caso, al revocar una sentencia condenatoria, que una lista de la lotería no es un *indenture*.

Es claro, pues, que dicho término no abarca una *licencia*. En California, de donde procede nuestro Art. 413, el Art. 470 fue expresamente enmendado en 1971 para incluir en el delito de falsificación la falsificación de licencias de conducir y tarjetas de identificación otorgadas por agencias gubernamentales y la posesión y exhibición de dichas licencias de conducir o tarjetas de identificación alteradas, duplicadas o falsificadas. West's *Ann. Penal Code,* sec. 470(a), (b).

En Puerto Rico ocurrió lo mismo. Mediante la Ley Núm. 29, de 20 de mayo de 1970, 33 L.P.R.A. sec. 1641 (Suplemento Acumulativo), el Art. 413 fue enmendado para incluir las tarjetas de crédito y hace sólo unos días—en 8 de mayo de 1973—se aprobó la Ley Núm. 18, pág. 55, con vigencia inmediata, para adicionar el Art. 413(A) del Código Penal, que lee como sigue:

"Artículo 413(A).—Cualquier persona que con la intención de defraudar a otra o al estado, falsamente, hiciere, alterare, falsificare o imitare cualquier licencia, certificado, diploma, récord u otro documento de naturaleza análoga que tuviere que ser expedido por un funcionario, agencia, dependencia o instrumentalidad del Estado Libre Asociado de Puerto Rico, o por cualquier institución privada autorizada para expedirlo, o que con la intención de defraudar a otra persona o al estado poseyere, circulare, publicare, pasare o tratare de pasar como genuino y verdadero cualquier licencia, certificado, diploma, récord o cualquier documento de naturaleza análoga que tuviere que ser expedido por un funcionario, agencia, dependencia o

444

instrumentalidad del Estado Libre. Asociado de Puerto Rico, o por cualquier institución privada autorizada para expedirlo, a sabiendas de que el mismo es falso, alterado, falsificado o imitado, incurrirá en el delito de falsificación y será castigado con la pena fijada para el delito de falsificación prescrito en el Artículo 421 del Código Penal de Puerto Rico."

■ Considerando esta actuación clara y expresa de nuestra Asamblea Legislativa, tenemos que concluir que la falsificación y la circulación o traspaso como genuina y verdadera de una licencia para conducir vehículos de motor que ahora constituye delito de falsificación, no lo era para la fecha en que alegadamente se cometieron los hechos en este caso.

En su virtud, *se anulará el auto expedido y se confirmará la resolución del tribunal de instancia.*