OPINION OF THE COURT
Joseph Jaspan, J.
The defendant is charged with the crimes of grand larceny in the second degree (Penal Law, § 155.35) and deliberate concealment of a material fact by a welfare recipient (Social Services Law, § 145).
She was a recipient of Aid to Families with Dependent Children (ADC) from July of 1971 through May, 1976, during which period she was entitled to receive and did actually collect $20,933.27 for the maintenance of her family unit which included three children.
In May of 1971, defendant was involved in an automobile accident as a result of which she received severe back injuries requiring hospitalization. She thereafter commenced a lawsuit which culminated in an award or settlement from which she received $20,876.93 on March 1, 1976. On the following day she informed the Department of Social Services that she and her family no longer required ADC benefits.
In the intervening period, the defendant filed periodic applications for recertification in which she denied the existence of any such litigation with the result that the department did *213 not have an opportunity to timely perfect its lien against an award or settlement for the recovery of some or all of the moneys paid out in public assistance.
Section 104-b of the Social Services Law provides in part: "1. If a recipient of public assistance and care shall have a right of action, suit, claim, counterclaim or demand against another on account of any personal injuries suffered by such recipient, then the public welfare official for the public welfare district providing such assistance and care shall have a lien for such amount as may be fixed by the public welfare official not exceeding, however, the total amount of such assistance and care furnished by such welfare official on and after the date when such injuries were incurred * * *
"2. No such lien shall be effective, however, unless a written notice * * * be served prior to the payment of any moneys to such injured party”.
The constitutionality of this statute has been upheld as applied to adults. (Snell v Wyman, 281 F Supp 853, affd 393 US 323.)
The People urge that the loss of the lien rights by reason of the false representations of the defendant supports the charges against her. Defendant, on the other hand, asserts a number of technical defenses based upon the nature and purpose of the ADC program and urges that, in any event, the conduct of the defendant did not constitute a crime within the meaning of the Penal Law and Social Services Law sections charged in the indictment.
While a lien against a right of action of a public assistance recipient to recover for personal injuries is not the exclusive method for effecting recovery of moneys paid (Kurtis v Liberty Mut. Ins. Co., 50 AD2d 599), it is the effective remedy and frequently the only resource.
The lien, if perfected, would have at least attached to the proceeds of the defendant’s award to the extent that the assistance was for her benefit. An equitable division as between her and her children could be determined by the parties or by a court. (Moore v Nassau County Dept. of Public Transp., 78 Misc 2d 1066; Matter of Colon, 83 Misc 2d 344.)
To the extent that the Department of Social Services has been deprived of the opportunity to effectively assert its right to these moneys it has been deprived of a benefit by a knowingly false representation made by the defendant, but
*214 that does not constitute the crime of larceny by false pretenses. The defendant would have nevertheless been entitled to the public assistance (Matter of Jennings v Lavine, 79 Misc 2d 176; Norton v Lavine, 74 Misc 2d 590), and for that reason there could not be a stealing of property as set forth in article 155 of the Penal Law. (People v Hunter, 34 NY2d 433.) The defendant was statutorily entitled to the public assistance benefits paid to her and her family. The retention of these funds cannot be regarded as a larceny.
Nor can the defendant be held to have committed a larceny with respect to payments received after March 1, 1976, since the department was duly advised on the next day that she no longer wanted public assistance.
Count 1 of the indictment charging the defendant with grand larceny in the second degree is dismissed.
The count which relates to section 145 of the Social Services Law presents a different problem. It reads as follows:
"the grand jury of Suffolk county, by this Indictment, accuse the defendant of the crime of deliberate concealment
OF A MATERIAL FACT BY A WELFARE RECIPIENT, Committed as
follows:
"The defendant, on or about August, 1975, in Suffolk County, willfully, unlawfully, wrongfully, and deliberately concealed a material fact in order to obtain public assistance and care from the Suffolk county department of social services, to which she was in no wise entitled, she having failed to inform representatives of the said department that she received income from another source, which was required of her as a condition of eligibility for the receipt of said public welfare and care.”
 It cannot be said that the defendant concealed a material fact in order to obtain public assistance. Section 104-b of the Social Services Law merely provides a remedy for recoupment and notice of a pending lawsuit for personal injuries is not a condition precedent to the granting of assistance pursuant to the ADC program.
But section 145 of the Social Services Law does provide that any false statement or representation or deliberate concealment of a material fact designed to interfere with the proper administration of public assistance and care is a misdemeanor.
If the defendant did conceal from the department the fact that she had instituted her suit for damages thereby *215 depriving them of the right to a lien, she may be found to have so interfered with the proper administration of assistance and care.
The evidence before the Grand Jury is legally sufficient to support such a charge and the Grand Jury was given a statement of the appropriate law.
The indictment, however, charges the crime in the language of that portion of the section dealing with material false statements to obtain public assistance and not with a claim of interference with the administration of assistance and care.
In the form charged, Count 2 is not sustained by the evidence. However, it will not be dismissed since it may be possible to amend the indictment pursuant to CPL 200.70. If the District Attorney chooses, he may move for that relief by notice of motion returnable on November 30, 1977.
If the District Attorney does not move to amend or such, a motion is denied, the People are granted leave to re-present the case to a Grand Jury.
At this point, there is no need to rule upon the demand for a bill of particulars.
[On Motion to Amend Indictment, December 5,1977]
In a memorandum dated November 21, 1977, I dismissed the first count of the indictment charging grand larceny in the second degree and held that although the presentation was legally sufficient to support the second count of deliberate concealment of a material fact by a welfare recipient, the wording of the indictment did not properly convey the permissible theory on which it could be pursued. I invited a motion to amend the indictment and the People have so moved and the defendant has been heard in opposition thereto.
CPL 200.70 (subd 2) authorizing amendments to an indictment includes the following limitation: "An indictment may not be amended in any respect which changes the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed it”.
The theory of the prosecution as set forth in the indictment is that the defendant obtained public assistance to which she was not entitled by willfully, unlawfully and wrongfully concealing information as to a material fact.
The permissible theory is that the defendant in concealing information interfered with the proper administration of public assistance. While the Grand Jury could have so concluded, *216 there is nothing in the record to show that they considered this theory or how they would have reacted to it.
The motion to dismiss the indictment is granted with leave to the District Attorney to file a misdemeanor information or re-present it to a Grand Jury if he so elects.