OPINION OF THE COURT
Joseph Jaspan, J.
The defendant has been charged with one count of violation of section 145 of the Social Services Law and eight counts of offering a false instrument for filing in the second degree (Penal Law, § 175.30), all misdemeanors. She now moves to dismiss the indictment on the grounds that (a) all or some of the counts are time-barred by the Statute of Limitations; (b) section 145 of the Social Services Law is so vague as to be unconstitutional; (c) the eight counts charging her with offering a false instrument for filing in the second degree are legally deficient in that the allegedly false recertification forms upon which each of the counts is based cannot be considered as "instruments” within the intent of the statute; and (d) in any event, the evidence presented to the Grand Jury was legally insufficient to sustain the charges.
An inspection of the Grand Jury minutes indicates that the defendant was on public assistance from July, 1971 to March, 1976 and during that period had filed semiannual recertification forms setting forth her income and assets as required by the Department of Social Services in order to qualify for the continuation of the grants. In each report the defendant concealed the fact that while in receipt of public assistance she had a contingent asset in the form of a pending personal injury suit. That suit was ultimately settled and defendant received a sum in excess of $20,000, no part of which was ever paid to or recovered by the Department of Social Services. Upon receipt of these proceeds, she took no further assistance. If the department had timely known of the suit, it could have *1031 filed a lien to protect its rights of reimbursement when and if a recovery materialized.
The defendant was first indicted in May, 1977 and charged with grand larceny in the second degree and one count of violation of section 145 of the Social Services Law.
On November 21, 1977, I dismissed the grand larceny count on the ground that the defendant would during the pendency of the action have, in any event, been entitled to aid to dependent children (ADC) benefits and, therefore, there was no unlawful taking (see People v Bellamy, 92 Misc 2d 211). I did find, however, that while there might have been a deliberate concealment of a material fact (Social Services Law, § 145) it was not for the purpose of securing a grant, but designed to "interfere with the proper administration of public assistance and care”, a theory not then alleged and permitted the District Attorney to re-present the case or file a misdemeanor information. The instant indictment followed.
THE STATUTE OF LIMITATIONS
The applicable Statute of Limitations is set forth in CPL 30.10 (subd 2, par [c]) and it provides that: "A prosecution for a misdemeanor must be commenced within two years after the commission thereof.” (Emphasis added.) Since the superseding indictment under attack was handed up on January 25, 1978, prosecution for acts constituting a misdemeanor which terminated prior to January 26, 1976 would be barred unless the case falls within one of the following noted exceptions.
With respect to the first count of the indictment which alleges a concealment in violation of section 145 of the Social Services Law, the question presented is whether there was a continuing crime between 1971 and 1976 or whether a new crime was committed on the dated of each recertification. If it were a continuing crime, it terminated in March, 1976 and the prosecution would not be barred by CPL 30.10 (subd 2, par [c]). (People v Fletcher Gravel Co., 82 Misc 2d 22; People v Ingram, 74 Misc 2d 635; People v Kirk, 62 Misc 2d 1078.) If not, the greater portion, if not all, of the events so alleged would be barred by the Statute of Limitations.
The very essence of concealment is continuity for the period required to accomplish the desired result. The Grand Jury could have concluded upon the basis of the evidence presented to it that the defendant’s purpose was to protect the integrity of any recovery in the pending suit free of any claim or lien by the Department of Social Services. The fact that there were *1032 successive acts in aid of the concealment does not interrupt the continuity of the conduct which was directed to the accomplishment of a single purpose.
I am aware of, but will not follow People v Lofton (73 Misc 2d 285), which held that repeated filing of false recertification forms was not a crime.
I hold the allegations in count 1 to refer to a crime continuing until March, 1976 and therefore it is not barred by the Statute of Limitations.
A different issue is presented with respect to the eight separate counts charging the crime of offering a false instrument for filing in the second degree (Penal Law, § 175.30). The filings took place between September 8, 1972 and January 16, 1976, all beyond the two-year Statute of Limitations. The defendant contends that the statute was tolled by the provisions of CPL 30.10 (subd 4, par [b]) and further that since the tolling reaches at least one or two of the filings, the continuing crime theory protects them all.
CPL 30.10 (subd 4, par [b]) reads as follows: "When a prosecution for an offense is lawfully commenced within the presecribed period of limitation therefor, and when an accusatory instrument upon which such prosecution is based is subsequently dismissed by an authorized court under directions or circumstances permitting the lodging of another charge for the same offense or an offense based on the same conduct, the period extending from the commencement of the thus defeated prosecution to the dismissal of the accusatory instrument does not constitute a part of the period of limitation applicable to commencement of prosecution by a new charge.”
The District Attorney argues that since the first indictment was handed up on May 16, 1977 and dismissed with leave to re-present on December 7, 1977, the Statute of Limitations was tolled six months and 22 days, thereby embracing acts which occurred as far back as August 4, 1975. This would support the second and third counts of the indictment alleging filings on January 16, 1976 and August 11, 1975.
The unresolved question is whether the tolling applies to crimes alleged in the instant indictment which were not embraced within the original charges although grounded upon the same conduct. More particularly, does the tolling statute apply to the crimes of offering a false instrument for filing in *1033 the second degree where no such counts were contained within the dismissed indictment?
Is the District Attorney in a better position upon a representation than he would have been if the original charges had not been dismissed? I think not.
CPL 210.20 (subd 4) provides that upon dismissing an indictment or a count thereof under circumstances relevant to this case, the court may "in its discretion authorize the people to submit the charge or charges to another grand jury”. (Emphasis added.) The permission granted is limited to the specific charge or charges (see People v Kent, 81 Misc 2d 918).
The legislative intent to toll the statute is more readily understandable if its application is limited to the same charge or charges which were previously dismissed on technical grounds. It extends the time for such a presentation upon prior approval of the court.
This does not apply, however, to a new charge now barred by the Statute of Limitations. I do not have to reach the question of whether such an indictment could have been sought by the District Attorney without permission if it were not so vulnerable. But such a course of conduct would not extend the two-year limit.
I conclude therefore that the eight counts charging the defendant with filing a false instrument in the second degree are barred by the Statute of Limitations and are dismissed. Incidentally, I would not, in any event, have held the separate filings to be a continuing crime within the meaning of the substantive statute (Penal Law, § 175.30).
THE SUFFICIENCY OF THE INDICTMENT
I have inspected the Grand Jury minutes and find them to be legally sufficient to support the charge that the defendant committed the crime alleged under section 145 of the Social Services Law.
In People v Pickett (19 NY2d 170, 175), the court noted that the Legislature intended a penal sanction to attach to a " 'wilful act designed to interfere with the proper administration of public assistance’ only if the act were committed in furtherance of some fraudulent scheme to obtain undeserved welfare payments” and rejected its application to a defendant who refused to report for work.
That language would seem to rule out the application of section 145 of the Social Services Law to the case at bar where *1034 the ADC payments were not affected by the concealed information prior to the receipt of the $20,000. However, a further reading of the case indicates that its application had been and would be extended to prosecutions involving "some element of fraud”. The court added (People v Pickett, supra, p 176): "[W]e believe the Legislature meant to provide penal sanctions only for acts motivated by fraudulent intent.” Such an intent may be found from the evidence presented.
Therefore, the limitations in Pickett do not, in my opinion, prohibit this prosecution under section 145 of the Social Services Law.
Pickett also resolves the issue as to whether the statute is unconstitutional on the grounds of vagueness. The court held in People v Pickett (supra, p 177), that as defined the statute was constitutional.
CONCLUSION
The motion to dismiss the first count of the indictment charging violation of section 145 of the Social Services Law is denied, and the motion to dismiss the eight separate counts charging violations of section 175.30 of the Penal Law is granted.