EL PUEBLO DE PUERTO RICO, demandante-peticionario, *v.* JAIME OLIVER FRÍAS, HUMBERTO TORRES GONZÁLEZ Y OTROS, demandados-recurridos.

*Número:* CE-85-624 *Resuelto:* 4 de febrero de 1987

*Rafael Ortiz Carrión, Procurador General, Carmen A. Bravo de Riefkohl, Procuradora General Auxiliar,* abogados de El Pueblo; *Ildefonso Freyre, Hermes F. Acevedo Lebrón, Eudaldo Báez Cruz,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

En el presente caso, el 17 de mayo de 1984 se presentaron varias denuncias contra los recurridos por infracciones al Art. 271 del Código Penal, 33 L.P.R.A. sec. 4591.[1] Dicho artículo dispone:

> Toda persona que con intención de defraudar a otra hiciere, en todo o en parte, un documento, instrumento o escrito falso, mediante el cual se creare, transfiriere, terminare o de otra forma afectare cualquier derecho, obligación o interés, o que falsamente alterare, limitare, suprimiere o destruyere, total o parcialmente, uno verdadero, será sancionado con pena de reclusión por un término fijo de nueve (9) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de catorce (14) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de seis (6) años.

---

[1] Una de las denuncias alegaba que:

"Los referidos acusados, CLOVIS TROCHE MAS, JAIME OLIVERA, HUMBERTO TORRES GONZALEZ, allá en o para los días 19 de diciembre de 1979 y 27 de diciembre de 1979, en Mayag[ü]ez, Puerto Rico, que forma parte de la jurisdicción del Tribunal Superior, Sala de Mayag[ü]ez, actuando en concierto y [de] común acuerdo con terceras personas, ilegal, voluntaria, maliciosa y criminalmente, con la intención de defraudar a la Corporación de Renovación Urbana y Vivienda del Estado Libre Asociado de Puerto Rico, falsificaron documentos públicos consistentes en Formulario de Solicitud de Precio, fechado 19 de diciembre de 1979, Formulario de Tabulación de Cotizaciones, fechado 27 de diciembre de 1979, Formulario de Comité de Subasta, fechado 27 de diciembre de 1979, logrando de esa manera que Forto Chemical Corp. se adjudicara la subasta de la CRUV del Estado Libre Asociado de Puerto Rico." *Exhibit* I, pág. 1.

Las otras denuncias variaban en cuanto a las fechas y entidades beneficiadas.

Las denuncias 1 y 2 imputan hechos alegadamente ocurridos el 19 y 27 de diciembre de 1979; las denuncias 3 y 4 imputan hechos alegadamente ocurridos el 21 de enero y el 1 de febrero de 1980; la denuncia 5 imputa hechos alegadamente ocurridos los días 11 y 25 de julio de 1980; las denuncias 6, 7 y 8 imputan hechos alegadamente ocurridos los días 14 y 18 de julio de 1980; el pliego 9 imputa hechos alegadamente ocurridos los días 12 y 16 de septiembre de 1980, y el pliego 10 imputa hechos alegadamente ocurridos los días 13 y 19 de enero de 1981. El 17 de mayo de 1984 el Juez Municipal de Mayagüez determinó causa probable para los arrestos por los delitos imputados, y ese mismo día los recurridos fueron arrestados. Como el delito tipificado en el Art. 271 del Código Penal es de naturaleza grave, conforme a lo dispuesto en la Regla 23 de Procedimiento Criminal, el 17 de abril de 1985 se celebró la vista preliminar contra los imputados. El Juez del Tribunal de Distrito, Hon. Carlos Rodríguez, determinó que no existía causa probable por el delito de falsificación de documentos, y sí por el delito de negligencia en el cumplimiento del deber, tipificado por el Art. 215 del Código Penal, 33 L.P.R.A. sec. 4366, éste de naturaleza menos grave. Dicho artículo dispone:

> Todo funcionario o empleado público que obstinadamente descuidare cumplir las obligaciones de su cargo o empleo, o que infringiere cualquiera disposición legal relativa a sus obligaciones o las del cargo o empleo, de no existir alguna disposición especial señalando la pena correspondiente, será sancionado con pena de reclusión que no excederá de seis (6) meses o multa que no excederá de quinientos dólares, o ambas penas a discreción del tribunal.

Ya que no estaba conforme el Ministerio Público con la determinación de causa probable por un delito distinto al imputado originalmente, recurrió al Tribunal Superior mediante el mecanismo de vista preliminar en alzada conforme a la Regla 24 (c) de Procedimiento Criminal. La misma se celebró el 6 de junio de 1985. El tribunal determinó que no había causa pro-

bable contra los acusados en algunos de los casos, y en cuanto a los otros mantuvo la determinación de la cual se recurría, o sea, la existencia de causa probable por el delito menos grave de negligencia en el cumplimiento del deber. El magistrado ordenó lo siguiente:

El tribunal permite a los imputados permanecer bajo la misma fianza. En los casos en que no hubo causa probable se ordena la cancelación de la fianza prestada.

Se ordena que los casos pasen a la sección correspondiente de este tribunal. No se señala lectura de acusación por ser delitos menos grave[s].

El fiscal no sometió nuevas denuncias para ajustar las alegaciones de hechos a los elementos constitutivos del delito menos grave. O sea, el proceso ha seguido su curso a base de unas alegaciones que imputan el delito grave de falsificación de documentos públicos, el cual requiere la intención específica de defraudar al Estado.

█ Los abogados de la defensa radicaron posteriormente sendos escritos para solicitar la desestimación de la denuncia, alegando que los delitos imputados habían prescrito. El delito de negligencia en el cumplimiento del deber prescribe a los cuatro (4) años, según lo dispuesto en el Art. 78(b) del Código Penal, 33 L.P.R.A. sec. 3412(b). Este término de prescripción, al igual que para todos los delitos estatuidos en nuestro Código Penal, se computa desde el día de la comisión del delito hasta la fecha en que se expida el mandamiento de arresto o de citación. Art. 79 del Código Penal, 33 L.P.R.A. sec. 3413. Como los delitos habían ocurrido entre el período del 19 de diciembre de 1979 y el 19 de enero de 1981, la defensa alega que a la fecha de la determinación judicial en la vista preliminar del 6 de junio de 1985, había ya transcurrido el término prescriptivo de cuatro (4) años. El Ministerio Público se opuso a que se desestimaran las denuncias 5, 6, 8 y 10 alegando que, como los hechos habían ocurrido entre el 11 de julio de 1980 y el 19 de enero de 1981, la determinación inicial

de causa probable para el arresto del día 17 de mayo de 1984 había interrumpido los términos prescriptivos, a tenor con el Art. 79 antes mencionado. El fiscal aceptó que las denuncias 1, 2, 3 y 4 estaban prescritas.

El 22 de julio de 1985, el Tribunal de Distrito de Mayagüez, declaró con lugar las mociones para desestimar, y determinó que el arresto del 17 de mayo de 1984 por el delito de falsificación de documentos no interrumpió el término prescriptivo. De dicha determinación recurrió el Pueblo mediante petición de *certiorari* que fue denegada de plano por el Tribunal Superior. Expedimos el auto de *certiorari* para revisar los procedimientos.

La cuestión a resolverse en el presente caso es si la determinación inicial de causa probable para el arresto y el arresto o citación por un delito distinto al que finalmente se determina causa probable en la vista preliminar interrumpe el término prescriptivo de dicho segundo delito.

 La prescripción en el campo del Derecho Penal ha sido descrita como "el término de tiempo que tiene el Estado para iniciar la acción penal, pasado el cual estará impedido de iniciarla". D. Nevares-Muñiz, *Derecho Penal Puertorriqueño: Parte General*, Hato Rey, Ed. Inst. Desarrollo del Derecho, 1983, pág. 333; *Pueblo ex rel. L.V.C.*, 110 D.P.R. 114, 122 (1980). Cuello Calón la define como la "extinción de la responsabilidad penal mediante el transcurso de un período de tiempo, en determinadas condiciones, sin que el delito sea perseguido o sin ser la pena ej[e]cutada. La primera se denomina *prescripción del delito o de la acción penal*, la segunda *prescripción de la pena*". (Énfasis del original.) E. Cuello Calón, *Derecho Penal*, 18va ed., Barcelona, Ed. Bosch, 1981, T. 1, Vol. 2, pág. 789. Sigue comentando dicho autor:

> . . . La prescripción del delito se justifica por el argumento de carácter procesal, que con el transcurso del tiempo se extinguen o se debilitan las pruebas del hecho punible. A la buena administración de justicia interesa que las pruebas

en los juicios criminales sean frescas y fehacientes pues las que, por haber transcurrido mucho tiempo desde la comisión del hecho han perdido su vigor probatorio, pueden originar sensibles errores judiciales.

En defensa de la prescripción de la pena se alega con verdad que transcurrido un largo período desde la perpetración del hecho delictivo el recuerdo de éste se borra, y los sentimientos colectivo[s] que origina la intranquilidad y la alarma, el deseo de dar satisfacción al ofendido, el afán de que el criminal pague su deuda, se atenúa[n] y llegan a extinguirse por completo, y la sociedad sólo debe castigar cuando perduran el malestar y la inquietud causados por el hecho criminal. Cuello Calón, *op. cit.*, págs. 789-790.

Según Mangual Figueroa, "lo que realmente da contenido a la doctrina de la prescripción es su propósito de proteger al acusado de estar expuesto a un proceso criminal por un tiempo indeterminado". A. Mangual, *La prescripción en el Derecho Penal*, 78 Rev. Der. Puertorriqueño 147, 154 (1980).

En *State* v. *Fogel*, 492 P.2d 742, 744 (1972), se dijo lo siguiente:

Statutes of limitation in criminal cases are designed primarily to protect the accused from the burden of defending himself against charges of long completed misconduct. Unlike a statute of limitation in a civil case, a criminal statute of limitation is not a mere limitation upon the remedy, but a limitation upon the power of the sovereign to act against the accused. *Waters* v. *United States,* 328 F.2d 739 (10th Cir. 1964). It is jurisdictional. *People* v. *Rehman,* 62 Cal.2d 135, 41 Cal. Rptr. 457, 396 P.2d 913 (1964).

También se ha dicho que la "razón de ser de la prescripción es lograr que el Estado le informe al imputado con suficiente anticipación de la intención de procesarlo y de la naturaleza del delito imputado, de forma que no se menoscabe la oportunidad de defenderse por razón de que la evidencia disponible para establecer su defensa desaparezca o se afecte con el transcurso del tiempo". Nevares-Muñiz, *op. cit.*, pág. 334. En Puerto Rico, y según lo transcrito del Art. 79 del

Código Penal, el término en que deben ejercitarse las acciones penales empieza contarse desde el día de la comisión del delito hasta la fecha en que se decreta el arresto del acusado, o en su defecto, la fecha en que se presenta la acusación. Art. 79 del Código Penal, *supra. Pueblo* v. *Tribunal Superior*, 84 D.P.R. 24 (1961). Dicho caso describe la trayectoria de la jurisprudencia de este Honorable Tribunal Supremo en cuanto a la prescripción en el ámbito penal de la siguiente forma:

> Prescribe el artículo 79 del Código Penal, ed. 1937, 33 L.P.R.A. sec. 233, que la acción penal por cualquier delito menos grave deberá establecerse dentro del año de su comisión. Aun cuando no se trataba de la disposición de una defensa de prescripción, dijimos en *El Pueblo* v. *Rivera, et al.*, 9 D.P.R. 403 (1905) que el arresto del acusado o el primer paso dado por el fiscal —cualquiera que sea— a fin de traer el delincuente ante la justicia para responder por los actos que se le imputan, constituye el principio del proceso en toda causa criminal. Veintitrés años después, al considerar específicamente el planteamiento para resolver sobre una excepción previa de prescripción, y luego de estudiar la diferencia entre nuestra disposición y la de California que expresamente alude a la presentación de la acusación o información, indicamos en *Pueblo* v. *Capestany*, 37 D.P.R. 586 (1928), que el momento que debe tomarse en cuenta para computar la prescripción es la fecha del arresto del acusado, y en su defecto, desde aquella en que se presenta la acusación, por ser éste entonces "el primer paso" afirmativo en la persecución del delito. *Pueblo* v. *Báez*, 40 D.P.R. 15, 18 (1929). Y en *Pueblo* v. *Lugo*, 58 D.P.R. 183 (1941) aclaramos que este término no se interrumpe por el o los arrestos practicados a los fines de otra u otras acusaciones por el mismo delito que fueron sobreseídas por no haberse celebrado el juicio dentro del término fijado por la ley. Cf. *Pueblo* v. *Tesorero*, 60 D.P.R. 530, 532 (1942); *Rivera Escuté* v. *Delgado*, 80 D.P.R. 830, 850 (1958), en donde indicamos que a los fines del derecho "incondicional y absoluto" a asistencia legal el proceso criminal comienza con la radicación de la acusación. (Escolio omitido.) *Pueblo* v. *Tribunal Superior*, supra, págs. 26-27.

El problema específico ante nuestra consideración no ha sido resuelto por este Tribunal. La determinación judicial más cercana a ello se vio en el caso de *Pueblo* v. *Lugo*, 58 D.P.R. 183 (1941), citado con aprobación en *Pueblo* v. *Tribunal de Distrito*, 97 D.P.R. 241 (1969). En *Pueblo* v. *Lugo*, supra, los alegados hechos delictivos ocurrieron el 15 de agosto de 1936, sin embargo, la acusación original fue sobreseída por no haberse celebrado el juicio dentro del término prescrito por ley. Se le arrestó otra vez por el mismo delito el 23 de mayo de 1939, siendo sobreseído el caso por la misma razón. Se arrestó finalmente el 22 de noviembre de 1939, más de tres años desde la alegada comisión de los hechos delictivos. Allí se resolvió que los arrestos originales y las subsiguientes acusaciones que fueron sobreseídas, no interrumpieron el término prescriptivo de tres (3) años dispuesto para el delito de ataque para cometer homicidio. Allí expresamos que:

> . . . Es cierto que el artículo 452 del Código de Enjuiciamiento Criminal dispone que cuando se trata de un delito grave (*felony*) el sobreseimiento decretado de acuerdo con el artículo 448 no impide la formación de otro proceso y que aquí la corte de distrito expresamente al decretar los sobreseimientos de las acusaciones anteriores lo hizo sin perjuicio de que pudiera formularse otra acusación, pero tanto la ley como la orden deben interpretarse en armonía con el otro precepto legal que también rige, a saber, el de que la acción penal deberá entablarse dentro de los tres años de la comisión del delito. Si esos tres años no hubieran transcurrido, ley y orden tendrían realidad en la práctica, pero habiendo transcurrido, no pueden aplicarse. Ambos preceptos legales, el artículo 78 del Código Penal y el 452 del Código de Enjuiciamiento Criminal, deben interpretarse armónicamente de modo que puedan como pueden subsistir. *Pueblo* v. *Lugo*, supra, pág. 186.

■ En el presente caso, distinto al de *Pueblo* v. *Lugo*, supra, el delito imputado originalmente y el delito por el cual finalmente se encontró causa probable en la vista preliminar,

son de naturaleza completamente distinta. El delito estatuido por el Art. 215, negligencia en el cumplimiento del deber, no alcanza tan siquiera a ser un delito menor comprendido dentro del de falsificación de documentos del Art. 271. Los elementos de ambos delitos son diametralmente opuestos. En el delito grave hay que alegar y probar la intención de defraudar. En el menos grave solamente que el funcionario fue negligente en el cumplimiento de las obligaciones de su cargo o empleo o al violar alguna disposición legal relativa a sus obligaciones o las del cargo o empleo. (²) A esos efectos la profesora Nevares-Muñiz en su obra, *Código Penal de Puerto Rico*, San Juan, Rev. C. Abo. P.R., 1986, pág. 367, analiza los elementos de dicho delito en la siguiente forma:

> Al igual que el artículo anterior el delito tiene una redacción muy similar a la de su antecesor en el Código derogado, que a su vez, provino de la sec. 143 del Código Penal de California, ed. 1872, la cual fue derogada en 1947.
>
> El sujeto activo será el funcionario o empleado público, según definido en el artículo 7(16) C.P. La conducta atípica debe realizarse a título de negligencia, en las modalidades de: 1) descuidar obstinadamente las obligaciones del cargo o empleo; y 2) violar alguna disposición legal relativa a las obligaciones del cargo o empleo.
>
> En la primera modalidad, el descuido de las obligaciones del cargo o empleo debe realizarse con obstinación. Entiéndase, de manera repetitiva, obrar a porfía de lo dispuesto, por lo que uno o dos actos aislados de descuido no son suficientes para configurar el delito. Debe tratarse de un patrón de conducta de descuido del deber profesional.
>
> En cuanto al ámbito de las obligaciones del cargo, refiérase a los deberes generales del funcionario público según dispone la ley, su nombramiento o se le atribuyen normalmente al cargo.
>
> Al igual que el artículo anterior el tipo incluye una cláusula de reserva a los efectos de que si hubiera otra disposi-

(²) Este delito no requiere prueba de *mens rea*, *Pueblo* v. *Aparicio*, 34 D.P.R. 5 (1925).

ción de ley que acrimine específicamente los actos negligentes llevados a cabo por el sujeto activo, aqu[é]lla habrá de prevalecer.(³)

■ Por otro lado, la medula del delito de falsificación consiste en la intención del acusado de perjudicar, causar daño o defraudar a otros a sabiendas de que los documentos envueltos son falsos. *Pueblo* v. *Rivera*, 69 D.P.R. 411 (1948). Véanse, además, *Pueblo* v. *Tribunal Superior*, 101 D.P.R. 439 (1973); *Pueblo* v. *Ortiz Castro*, 90 D.P.R. 593 (1964); *El Pueblo* v. *Torregrosa et al.*, 24 D.P.R. 12 (1916).

La regla general existente en la jurisdicción norteamericana es que el segundo delito, imputado después de transcurrido el término prescriptivo establecido para el mismo, está prescrito si es un delito distinto al imputado en la acusación o denuncia original. Anotación, *Finding or Return of Indictment, or Filing of Information as, Tolling Limitation Period*, 18 A.L.R.4th 1202, 1222–1224. En este sentido véanse: *People* v. *Chapman*, 121 Cal. Rptr. 315 (1975); *People* v. *McKay*, 159 Cal. Rptr. 174 (1979); *State* v. *Pryor*, 134 S.W.2d 1083 (Ct. App. 1939); *State* v. *Glover*, 604 P.2d 1015 (Wash. Ct. App. 1979); *United States* v. *O'Neill*, 463 F. Supp. 1205 (Dist. Ct. 1979); *State* v. *Lamar*, 249 S.W. 654 (Ct. App. 1923); *People* v. *Bellamy*, 406 N.Y.S.2d 250 (1978); *State* v. *Stewart*, 438 A.2d 671 (Vt. 1981).

■ Hemos determinado que los delitos imputados a los acusados en el presente caso son de naturaleza completamente distinta, por no ser un delito menor comprendido dentro del otro.(⁴) La regla es que un arresto o acusación por un delito

---

(³) Véase que las denuncias objeto de este recurso alegan hechos tipificados en el Art. 271, por lo que la cláusula de reserva podría ser determinante, ya que cuando los actos pueden castigarse con arreglo a otra disposición, no puede procesarse bajo el Art. 215; *Ex Parte Correa*, 8 D.P.R. 251 (1905).

(⁴) "Un delito menor por su naturaleza puede estar comprendido dentro de otro mayor cuando la única diferencia que existe entre uno y otro son los

mayor al que finalmente quiere procesarse, luego de vencido el término de prescripción para dicho segundo delito, interrumpe el término prescriptivo de dicho delito cuando éste es uno menor comprendido. A tales efectos véanse: *In re McCartney*, 415 P.2d 782 (Cal. Dist. Ct. App. 1966); *People* v. *Brooks*, 123 P.2d 556 (Cal. Dist. Ct. App. 1942); *Howard* v. *State*, 385 So. 2d 739 (Fla. Dist. Ct. App. 1980).

En el caso ante nos, la acusación por el primer delito distinto al segundo no interrumpe el término prescriptivo de este último, aun si ambas imputaciones surgen de un mismo curso de conducta. Véanse: *State* v. *Pohlhammer*, 254 N.W.2d 478 (Wis. 1977); *People* v. *McKay*, supra. En este último caso, a la pág. 179 se dijo lo siguiente:

> . . . On the other hand, an information may not be amended to insert, after the statute of limitations has run, a charge which is not a *necessarily* included offense, even though it relates to the same conduct as was originally charged, and even though the amendment follows the upsetting of a plea bargain which went awry. (Énfasis del original.)

En *United States* v. *O'Neill*, supra, pág. 1207, se expuso que:

> . . . When an indictment issued beyond the limitations period for a crime supersedes an indictment concerning the same transaction which was issued within the limitation period, the Court must scrutinize the new indictment to insure that "the second [indictment] did not broaden or substantially amend the charges made in the first". (5)

---

agravantes determinados por ley, o sea el primer delito resulta ser un ingrediente del otro que se supone comprendido." *Pueblo* v. *Negrón*, 77 D.P.R. 782, 788 (1954).

"A *necessarily* included offense exists when the charged offense as defined by statute, or as stated in the accusatory pleading, *cannot* be committed without also committing a lesser and included offense." (Énfasis del original.) *People* v. *Chapman*, 121 Cal. Rptr. 315, 319 (1975).

(5) Como hemos señalado aquí, no se radicó una nueva denuncia ni se enmendó la original.

En el caso de *People* v. *Bellamy*, supra, pág. 253, también se dijo:

> The legislative intent to toll the statute is more readily understandable if its application is limited to the same charge or charges which were previously dismissed on technical grounds. It extends the time for such a presentation upon prior approval of the Court.
> This does not apply, however, to a new charge now barred by the Statute of Limitations. . . .

Por todo lo anterior, *se dictará sentencia que anule el auto expedido y confirme la sentencia del Tribunal Superior, Sala de Mayagüez.*

El Juez Asociado Señor Alonso Alonso concurre en el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino.